## State of Vermont v. Frank Parda

[455 A.2d 323]

No. 82-466

Present: Billings, J.

Opinion Filed November 17, 1982

*John A. Rocray,* Windham County State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Thomas W. Costello,* Brattleboro, for Defendant-Appellant.

**Billings, J.** This is an appeal from the imposition of conditions of release pending the State's interlocutory appeal. 13 V.S.A. § 7403.

The defendant was charged by information with one count of kidnapping and one count of sexual assault. Upon arraignment, the defendant was ordered released subject to a number of conditions. 13 V.S.A. § 7554. Unable to comply with these conditions, defendant was remanded to the custody of Commissioner of Corrections where he has remained for approximately eight months. Defendant sought review of the conditions below, pursuant to 13 V.S.A. § 7554(d). Upon denial of a change in conditions, defendant appealed to this Court pursuant to 13 V.S.A. § 7556(b). On April 29, 1982, we affirmed the order of conditions of bail.

As a result of the granting of a motion to suppress certain statements made by a witness now deceased, the State, in September of 1982, took an interlocutory appeal pursuant to 13 V.S.A. § 7403(c)(1). 13 V.S.A. § 7403(e) provides in part as follows: "In cases where the defendant is detained for lack of bail, he shall be released pending the appeal upon such conditions as the court shall order . . . ." Pursuant to this section, the defendant moved for a new hearing on the appropriate conditions of release pending this appeal. The trial court, after hearing, imposed the same conditions of release it had previously imposed pursuant to 13 V.S.A. § 7554.

Defendant now appeals from the second setting of conditions. 13 V.S.A. § 7556(b). The specific condition challenged here is as follows: "Defendant shall execute a bail bond with sufficient sureties, or deposit cash in the amount of $50,000." Defendant claims that the recently enacted statute permitting the State an interlocutory appeal as of right, 13 V.S.A. § 7403, also requires that the defendant be released pending such appeal, free of any monetary bail conditions which he cannot meet. Defendant concedes that other conditions of release can be imposed, but maintains that bail cannot be set so high as effectively to prevent his release.

■ The standard which covers our review of conditions of release is that the order appealed from shall be affirmed if it is supported by the proceedings below. 13 V.S.A. § 7556(b).

■ Although defendant's argument is ingenious, there is no support in the new statute for his contention that the trial court is prohibited from imposing monetary bail condi-

tions for release pending interlocutory appeal. The trial court has the same discretion to impose conditions of release under 13 V.S.A. § 7403(e) as it does under 13 V.S.A. § 7554(a), and there is no limitation with respect thereto. Moreover, the new statute permits the trial court to deny bail altogether in appropriate cases. 13 V.S.A. § 7403(e). In this case the trial court carefully considered evidence presented by defendant, and determined that monetary bail was warranted. The order appealed from is amply supported by the proceedings below.

*Conditions of release order affirmed.*