## State of Vermont v. James E. Wood

[597 A.2d 312]

No. 91-362

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 15, 1991

---

*Peter Neary*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Matt Harnett* of *Lorentz, Lorentz and Harnett*, Rutland, for Defendant-Appellant.

**Morse, J.** Defendant appeals an order setting bail at $5,000 cash or surety (condition number 10, Condition of Release Order). The trial court set monetary bail solely because defendant was found to be a threat to the integrity of the judicial process. We reverse and remand.

## I.

On July 15, 1991, defendant was arraigned on a charge of assaulting his wife in violation of 13 V.S.A. § 1023(a)(1) (misdemeanor simple assault). The trial court set bail at $5,000 with conditions that defendant not possess alcoholic beverages or contact his wife.

Defendant was unable to post bail, and a bail review hearing was held on July 19, 1991. Defendant called the victim to testify. She said in effect that the incident was overblown and she wanted her husband released. While the victim's testimony was found to mitigate the facts as initially presented in the affidavit of probable cause and the victim's written statement, the court disbelieved much of what she said. The court found that defend-

ant had been convicted for simple assault twice before, one of them upon his wife. The court adopted findings made at arraignment that during a drunken argument defendant threatened to kill his wife and then punched her in the mouth, breaking a tooth and knocking her to the ground, continuing to hit and threaten to kill her.

The court concluded,

cash bail was not imposed and is not being considered to remain in place due to any demonstrated risk to not appear which could not be covered by non monetary conditions of release. Cash bail was imposed directly because of a . . . danger to the integrity of the [judicial] process, specifically, the danger [and] threats . . . to the particular victim in this case.

## II.

■ Threat to the integrity of the judicial process has been recognized as a ground to deny or revoke bail. See, e.g., *People ex rel. Hemingway v. Elrod*, 60 Ill. 2d 74, 79–80, 322 N.E.2d 837, 840 (1975), where the court stated:

In our opinion the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate to preserve the orderly process of criminal procedure. This action must not be based on mere suspicion but must be supported by sufficient evidence to show that it is required. Thus keeping an accused in custody pending trial to prevent interference with witnesses or jurors or to prevent the fulfillment of threats has been approved.

We express no opinion here on the validity of the "judicial process" qualification to the right to bail under Chapter II § 40 of the Vermont Constitution because we can dispose of this appeal on a narrower ground and the issue was not raised by the appellant. See Vt. Const. ch. II, § 40. The question is whether this doctrine, assuming its constitutionality, was properly applied in this case.

■ Vermont requires that a person charged with a crime like simple assault be released pending trial in accordance with

13 V.S.A. § 7554. Section 7554 involves the consideration of two factors. The first is the likelihood that defendant will attend future court appearances. 13 V.S.A. § 7554(a)(1). The second is the danger defendant may pose to the public. 13 V.S.A. § 7554(a)(2). The statute separately specifies in subsections (1) and (2) conditions that may be imposed for the purposes of appearance and protection of the public. The statute explicitly authorizes monetary conditions in the list of conditions to assure appearance. 13 V.S.A. § 7554(a)(1)(C) and (D). On the other hand, the list of conditions authorized for the protection of the public does not specifically include monetary conditions. Section 7554(a)(2)(C) states, however, that the court may "[i]mpose any other condition found reasonably necessary to protect the public, except that a physically restrictive condition may only be imposed in extraordinary circumstances." 13 V.S.A. § 7554(a)(2)(C). The narrowed issue, then, is whether § 7554(a)(2)(C) (imposition of "any other condition found reasonably necessary to protect the public") includes monetary conditions. We hold that it does not.

■ In Vermont, a defendant does not forfeit bail for breach of nonappearance conditions of release. *State v. Cardinal*, 147 Vt. 461, 464, 520 A.2d 984, 986 (1986) (no authority to order forfeiture of cash bail for a breach of condition of release other than an appearance condition). Consequently, had defendant posted $5,000 and violated the condition that he leave the victim alone, he would not forfeit the monetary bail.

■ The imposition of $5,000 bail in this case, therefore, would only protect the victim and the integrity of the judicial process if it could not be met. This may have been what the trial judge had in mind. Yet, the imposition of bail in an amount that cannot be raised by an accused, in order to obtain his incarceration, is precisely what the law forbids. The point is stated clearly in our cases. See, e.g., *State v. Mecier*, 136 Vt. 336, 338, 388 A.2d 435, 437 (1978) ("anticipatory test of danger to the public as a justification for refusing bail" is forbidden); *State v. Pray*, 133 Vt. 537, 541, 346 A.2d 227, 229 (1975) ("The purpose of bail, as presently constitutionally mandated, is to assure the defendant's attendance in court . . . .").

In order to achieve the purpose of using the threat of forfeiture of money to encourage a peaceful relationship with the victim, the court had available the process for the posting of a peace bond under 13 V.S.A. § 7573. See *State v. Weller*, 152 Vt. 8, 11–14, 563 A.2d 1318, 1319–21 (1989) (imposition of peace bond not a pretrial bail measure, but an "independent proceeding" intended to prevent violence in the future). Imposition of a peace bond, however, does not include the posting of cash. *Id.* at 15, 563 A.2d at 1322.

Bail may be revoked when certain bail conditions are violated, among them, "that the accused has intimidated or harassed a victim . . . in violation of a condition of release; or . . . violated a condition . . . of release which constitute[s] a threat to the integrity of the judicial system." 13 V.S.A. § 7575(1) and (3). But the court could not revoke bail under the authority of 13 V.S.A. § 7575 for the simple reason that this was not a revocation proceeding and there was nothing to revoke.

*Condition number 10 on the Conditions of Release Order, requiring that defendant execute a bail bond with sufficient sureties or deposit cash in the amount of $5,000, is reversed. We remand for further proceedings on the issue of release.*