## STATE of Vermont v. David A. FALES

[599 A.2d 1046]

No. 91-408

September 6, 1991. Defendant appeals the denial of bail after his arrest for simple assault, 13 V.S.A. § 1023(a)(1).

On August 21, 1991, defendant was arraigned on a charge of simple assault upon his wife on the previous

day. The assault arose out of an argument between the defendant and his wife at their home. During the argument, defendant pushed and shook the victim. Defendant verbally threatened the life of the victim and their unborn child. The wife managed to escape, returning to their home to find defendant waiting for her. Defendant again assaulted her, saying he was crazy and that he was going to kill her. An order restraining defendant from abusing his wife had expired three days before, on August 17, 1991.

We assume for the purpose of deciding this bail appeal that the exception to the right to bail for conduct constituting a "threat to the integrity of the judicial system" is available at the outset of a criminal proceeding. We emphasize, however, that this assumption is not free from doubt. The Legislature has authorized the doctrine to be used only in revocation of bail when a condition of release is violated. 13 V.S.A. § 7575(3). See *State v. Wood*, 157 Vt. 286, 597 A.2d 312 (1991).

The conduct forming the basis of the trial court's conclusion cannot be characterized as constituting a threat to judicial integrity in any significant sense. The defendant's verbal and physical battering behavior toward his wife may be characterized as severe, calculating, continuing and uncontrollable. He threatened to kill her during the course of the episode, which the deputy state's attorney described in oral argument as rather typical in these domestic abuse situations. Defendant has battered women in the past. The threats to the well-being of the victim here, however real and proximate to her, are too remote and attenuated from the integrity of the criminal proceedings to dictate so sweeping a response as denial of the right to bail.

If we approved of the trial court's assessment, the right to bail would be the exception and the denial of bail the rule in all but victimless crimes. Whenever there is a victim of crime remaining alive, an inference may be made that the victim's well-being is in jeopardy and pressure brought to influence testimony or the outcome of the case.

For these reasons, we conclude the trial court's conclusion that the integrity of the judicial process was threatened was clearly erroneous.

*Reversed and remanded for further proceedings on the issue of pretrial release.*