## Susan McSWEENEY v. Douglas McSWEENEY

[618 A.2d 1332]

No. 91-601

November 12, 1992. In this appeal, we must decide whether the Legislature intended that nonattorney employees of the office of child support (OCS) prosecute URESA cases on behalf of state's attorneys. A magistrate and a reviewing trial court held that it did not. We agree and affirm.

We resolve this question by analyzing two statutory schemes: chapter 10 of Title 4, creating the family court, and chapter 7 of Title 15, facilitating

---

reciprocal enforcement of child support (URESA).*

Under the family court scheme, magistrates conduct proceedings to establish, modify, and enforce child support and URESA. 4 V.S.A. § 461(a). Numerous steps are taken to make magistrate proceedings "user friendly," that is, simple, inexpensive, and accessible to the public. For example, persons appearing before the magistrate are "entitled but not required to be represented by an attorney," 4 V.S.A. § 464, standardized forms are to be provided "to make the magistrate hearing accessible to all parties in a dispute without the assistance of counsel," 4 V.S.A. § 467(a), and magistrates will assist parties in developing evidence, 4 V.S.A. § 466(d).

Consistent with this approach, the Legislature has provided for some participation by those not legally trained: nonattorney employees of the office of child support may "prepare, sign, serve and file complaints and motions and participate in child support proceedings before a magistrate, which shall not be considered the unauthorized practice of law." 4 V.S.A. § 464; see also V.R.F.P. 10(a) (family court rule following and implementing § 464). In contrast to § 461(a), which empowers magistrates to hear both child support and URESA cases, § 464, by its express terms, empowers nonattorney child support workers to participate only in child support cases.

Where the meaning of a statute is plain on its face, we will enforce the statute according to its terms. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335–36, 576 A.2d 450, 452 (1990). Here, § 464 unambiguously limits nonattorney participation to child support cases by excluding reference to URESA. Thus, "'there is no need for construction; the legislative intent is to be ascertained from the act itself.'" *Id.* at 336, 576 A.2d at 452 (quoting *Hill v. Conway,* 143 Vt. 91, 93, 463 A.2d 232, 233 (1983)).

Excluding URESA cases from § 464 makes sense because these cases are litigated under a separate statutory scheme, 15 V.S.A. §§ 385–428, designed with different goals in mind. Although the family court has assumed exclusive jurisdiction of URESA cases, 4 V.S.A. § 454(3), and magistrates are empowered to hear them, 4 V.S.A. § 461(a), there is no indication that the Legislature intended to allow nonattorneys to participate in them. All indications are to the contrary.

URESA provides a civil enforcement mechanism, 15 V.S.A. §§ 395–422, for collecting child support once an obligor leaves the court's jurisdiction. Although URESA presumes that the law of the responding jurisdiction will govern, conflicts of law and jurisdictional questions still arise. *Title I of the Family Support Act of 1988—The Quest for Effective National Child Support Enforcement Continues,* 29 J. Fam. L. 148, 151 (1990–91). The Legislature has placed sole responsibility for dealing with these sometimes difficult and often intractable cases on Vermont's state's attorneys. Where Vermont is the initiating state, the state's attorney shall represent obligees in URESA proceedings, and if the state's attorney "neglects or refuses to

---

* Because we resolve this case on statutory grounds, we do not reach the issue, briefed by amicus Vermont Bar Association, that the Legislature's enactment of 4 V.S.A. § 464 is an unconstitutional violation of separation of powers. See *State v. Patnaude,* 140 Vt. 361, 368, 438 A.2d 402, 404 (1981) (even constitutional issues that have been briefed will not be considered unless disposition of the case requires it).

represent the obligee," the attorney general may assume representation. 15 V.S.A. § 400. Where Vermont is the responding state, the "state's attorney shall prosecute the case diligently." 15 V.S.A. § 406(b). The language of these statutes calls unequivocally for the participation of attorneys.

Moreover, URESA is uniform legislation, which by the mid-1970s had been adopted in some version by all fifty states. *Title I of the Family Support Act of 1988, supra,* at 150 n.14. The model on which our statute is based makes "the prosecuting attorney" responsible for the representation of obligees. Revised Uniform Reciprocal Enforcement of Support Act (RURESA) (1968) §§ 12, 18(b), and the overwhelming majority of states have adopted this language. See Comments to RURESA §§ 12, 18. Thus, an expectation has been created in all participating states that attorneys will be prosecuting these cases in Vermont and elsewhere throughout the system.

In URESA proceedings, the state's attorney and obligee do not have a traditional attorney/client relationship; the obligee has no say about what legal action to pursue. *Scully v. Schubert,* 155 Vt. 327, 330–31, 583 A.2d 93, 95 (1990). Rather, obligees are completely dependent on the legal expertise of the state's attorneys to identify all issues and protect their interests. In this respect, the URESA scheme is very different from the more pro se, user friendly model of magistrate child support hearings.

Finally, although state's attorneys can appoint others to act on their behalf, 24 V.S.A. § 363, deputizing OCS workers does not overcome the restriction in 4 V.S.A. § 464 against their particpation in URESA proceedings.

*Affirmed.*