## State of Vermont v. James E. Ashley

[632 A.2d 1368]

No. 92-563

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed October 8, 1993

*Jo-Ann L. Gross*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Robert Paolini* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** James Ashley appeals from the trial court's denial of his motion for judgment of acquittal following convictions for violation of conditions of release, 13 V.S.A. § 7559(e) and V.R.Cr.P. 42, and obstruction of justice, 13 V.S.A. § 3015. We affirm the obstruction-of-justice conviction, but reverse the conviction for violation of a condition of release.

On October 3, 1991, defendant was arraigned on charges of sexually assaulting a minor. The district court determined that defendant's future appearances could not be assured if he were released on personal recognizance or by an unsecured bond, and also found that he would pose a danger to the public. The court issued a Conditions of Release Order, which required, among other things, that defendant post bail and that he "not associate with R.B., Lucille Brace, Sara Hughes nor personally contact, harass, or cause to be harmed R.B., Lucille Brace, Sara Hughes." Defendant was unable to post bail and remained in custody.

Between October 3 and November 17, 1991, defendant sent letters to Lucille Brace and made telephone calls to her. On November 18, 1991, the State charged defendant under 13 V.S.A. § 7559(e) and V.R.Cr.P. 42 with violating a condition of his release when he contacted Lucille Brace by letter. The State also charged obstruction of justice under 13 V.S.A. § 3015, alleging that defendant endeavored to have Lucille Brace drop the sexual assault charges by intimidating her through threatening written and oral communications. Subsequent to his trial

on the sexual assault counts, defendant was tried and convicted for violating a condition of his release and for obstruction of justice. He received a sentence of four to five years on the obstruction charge and a sentence of four to six months for the violation of a condition of release, to be served concurrently.

Defendant appeals on three grounds from the trial court's denial of his motion for judgment of acquittal following the jury verdicts. He claims, first, that a defendant can violate conditions of release only if he is actually released. Second, he contends there was no obstruction of justice since by the terms of 13 V.S.A. § 3015 the intimidation must be by threat of physical force or it must result in actual deterrence of the witness's testimony, neither of which were proven by the State. Third, he claims he was prejudiced by the trial court's admission of evidence referring to the underlying sexual assault charges.

Our standard for reviewing the denial of a motion for judgment of acquittal is whether the evidence, viewed in the light most favorable to the State, was sufficient to convince a reasonable trier of fact that the defendant was guilty beyond a reasonable doubt. V.R.Cr.P. 29; *State v. Venman*, 151 Vt. 561, 569–70, 564 A.2d 574, 580–81 (1989).

## I.

The first ground of appeal requires us to decide whether conditions of release are enforceable when a defendant cannot post bail and remains in custody. We look first to the plain meaning of the statute. *Wolfe v. Yudichak*, 153 Vt. 235, 239, 571 A.2d 592, 595 (1989). If the meaning is plain, we will enforce it according to its terms, *McSweeney v. McSweeney*, 159 Vt. 629, 630, 618 A.2d 1332, 1334 (1992), giving effect to every word. See *State v. Tierney*, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980). We will read operative sections of a statutory scheme in context and the entire scheme in pari materia. *Wolfe*, 153 Vt. at 240, 571 A.2d at 595.

The authorization for conditions of release is set forth in 13 V.S.A. § 7554, which states, in relevant part:

> (a) Any person charged with an offense, other than an offense punishable by life imprisonment when the evidence of guilt is great, shall at his or her appearance before a judicial officer be ordered released pending trial in accordance with this section.

(1) The person shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond . . . unless the judicial officer determines that such a release will not reasonably assure the appearance of the person as required. . . .

(2) If the judicial officer determines that conditions of release imposed to assure appearance will not reasonably protect the public, the judicial officer may in addition impose the least restrictive . . . or the least restrictive combination of the following conditions which will reasonably assure protection of the public:

. . . .

(C) Impose any other condition found reasonably necessary to protect the public, except that a physically restrictive condition may only be imposed in extraordinary circumstances.

(3) A judicial officer may as a condition of release order that a defendant not harass or cause to be harassed a victim or potential witness.

■ These provisions evince two primary concerns. One concern is to assure the future appearance of the defendant before the court. 13 V.S.A. § 7554(a)(1). The other concern is for the safety of the public. *Id.* § 7554(a)(2), (3); see *State v. Wood*, 157 Vt. 286, 289, 597 A.2d 312, 313 (1991). The court has broad discretion in setting conditions of release, see *State v. Parda*, 142 Vt. 261, 263, 455 A.2d 323, 324 (1982), but a court may not use forfeiture of bail as a punitive measure to enforce other conditions of release. *State v. Cardinal*, 147 Vt. 461, 465, 520 A.2d 984, 987 (1986). A court may revoke the right to bail altogether, however, if it determines that no conditions of release will assure the defendant's appearance at trial, *id.*, or if it finds that the defendant has violated certain conditions of release, among them the intimidation or harassment of a victim or potential witness. See 13 V.S.A. § 7575(1); *Wood*, 157 Vt. at 290, 597 A.2d at 313.

■ The statutory scheme unequivocally contemplates the release of an accused person who is awaiting trial. 13 V.S.A. § 7554(a) (person charged with offense "*shall . . . be ordered released pending trial in accordance with this section*") (em-

phasis added). Our decisions confirm this intention. See, e.g., *Wood*, 157 Vt. at 289, 597 A.2d at 313 ("imposition of bail in an amount that cannot be raised by an accused, in order to obtain his incarceration, is precisely what the law forbids").

Our reasoning in *Wood* reflects an understanding that the public safety provisions of 13 V.S.A. § 7554 are satisfied if a defendant remains in custody. In that case, the trial court had imposed high bail for the purpose of preventing intimidation or harassment of the victim. We held that this was an impermissible use of bail as a condition of release, since high bail "would only protect the victim and the integrity of the judicial process if it could not be met." *Id.* Subsequently, we examined 13 V.S.A. § 7554 and the more recently enacted § 7575 in *State v. Sauve*, 159 Vt. 566, 621 A.2d 1296 (1993), and our discussion there clearly shows our understanding that preventive detention is the last resort envisioned by the statutes. *Id.* at 574, 621 A.2d at 1301 (revocation of bail under 13 V.S.A. § 7575(3) inappropriate where court found only that complaining witness was "'in danger of contact by the defendant'").

■ Defendant could not meet bail in this case and was in custody when he contacted Lucille Brace by letter and telephone. He contends that no violation of conditions of release could occur if he were still in custody, and therefore the State could not prove an essential element of its case. The trial court denied defendant's motion for judgment of acquittal, reasoning that the release condition was intended to safeguard the witness and must therefore apply regardless of defendant's custody status.

The court was correct in stressing concern for the public safety. We think, however, that the intent of the law is to protect the public from defendants who have been released from custody. The word "release" would be superfluous under the trial court's construction of the statute. In addition, the language of 13 V.S.A. § 7554(c), which states that "a warrant for [the defendant's] arrest will be issued immediately upon any such violation," cannot be harmonized with the trial court's reasoning. The language makes sense only assuming the defendant is on release.

The State, adopting the trial court's construction of the statute, notes that 13 V.S.A. § 7554(d)(2), which permits an appeal

of conditions of release within five days, does not mention the custody status of a defendant, and contends that this indicates an intention that the conditions are to apply regardless of the custody status. Similarly, the State argues that the separate penalty provisions of 13 V.S.A. § 7559(d) (penalty for failure to appear) and § 7559(e) (penalty for violation of condition of release) reflect an intent that a condition of release may be violated even if the defendant is not released. We disagree. When read in pari materia with the other statutory provisions, the omission of reference to a defendant's custody status in a particular subsection is not significant.

Neither party has sought to survey the practices of other jurisdictions. We note that other states have generally interpreted their bail and release laws in a manner consistent with the legislative intent we find in Vermont's statutory scheme. See, e.g., *State v. Ayala*, 610 A.2d 1162, 1169 (Conn. 1992) (imposition of conditions of release is to assure appearance in court and safety of public); *State v. Flores*, 653 P.2d 875, 877 (N.M. 1982) ("The whole purpose for 'conditions of release' is to place limitations on a person *not* in custody.") (emphasis in original).

Federal decisions based on the Bail Reform Act are also consistent with our approach. The ultimate safeguard envisioned by the Bail Reform Act is the detention of an accused person when no conditions of release will assure the public safety. Courts have not held defendants liable for violations of conditions of release when they are already in custody. See *United States v. Tortora*, 922 F.2d 880, 890 (1st Cir. 1990) (Bail Reform Act inapplicable to crimes defendant may commit in prison); *United States v. Phillips*, 732 F. Supp. 255, 267 (D. Mass. 1990) ("[T]he issue that must be addressed is whether the defendant's *release* would pose a danger to the community that would not exist if the defendant were held in pretrial preventive detention.") (emphasis in original).

We are mindful of the trial court's concern for public safety, but do not think we need to read the statutes as the court did in order to find safeguards against intimidating contact by incarcerated defendants. Such conduct is generally proscribed under 13 V.S.A. § 1701 (extortion and threats) as well as the obstruction-of-justice statute, 13 V.S.A. § 3015. The State charged the defendant with the latter crime and he was convicted.

We hold that the State's evidence did not fairly and reasonably tend to show defendant's guilt on the charge of violation of a condition of his release when, in fact, he was still in custody at the time the alleged violation occurred. For this reason, the court should have granted the motion for judgment of acquittal.

## II.

Defendant next claims that the State failed to show that Lucille Brace was actually put in fear or deterred from testifying due to his written and oral communications. He admits that the testimony established that Lucille Brace was "scared" by his communications, but argues that she could not "actually" have been in fear if she was undeterred from testifying. This reasoning ignores the fact that one can very well be afraid, yet still carry on despite that fear. In any event, defendant's claims are not in accord with the pertinent law.

Vermont's obstruction-of-justice statute states, in relevant part, that "[w]hoever corruptly, or by threats or force, or by any threatening letter or communication, intimidates or impedes any witness . . . shall be imprisoned not more than five years or fined not more than $5000.00, or both." 13 V.S.A. § 3015. In its charge to the jury, the court defined "intimidate" as "to make afraid or to force or to deter with threats or with violence." Both the statute and the charge make it necessary only that the witness be made afraid or deterred, not that the witness be both afraid and deterred. See *United States v. Maggitt*, 784 F.2d 590, 593 (5th Cir. 1986) (in prosecution for witness tampering under federal statute, it is not necessary to prove actual intimidation of witness, only that defendant endeavored to influence by threats); *United States v. Murray*, 751 F.2d 1528, 1534 (9th Cir.) (effort to prevent communication with law enforcement officer was sufficient; actual prevention not necessary to convict), *cert. denied sub nom. Moore v. United States*, 474 U.S. 979 (1985). The evidence was uncontroverted that the letters and telephone calls from defendant did make the witness Lucille Brace afraid, and thus intimidated her.

Defendant also misreads the statute in claiming that the jury would have to find there was a threat of physical force before it could render a guilty verdict. The statute proscribes

intimidating or impeding a witness "by threats *or* force." 13 V.S.A. § 3015 (emphasis added). In his letters, defendant expressed in direct statements and by innuendo the possibility that his testimony and the testimony of others at trial would harm the witness's reputation and could result in her losing custody of her daughter. These communications posed a threat to the witness even though they did not include physical harm or force. See Black's Law Dictionary 1480 (6th ed. 1990) (defining "threat" as "[a] communicated intent to inflict physical or other harm . . . . A declaration of intention . . . to inflict punishment, loss, or pain on another").

The State's evidence on the charge of obstruction of justice was sufficient to show that defendant had intimidated a witness in this case by his oral and written threats. The trial court properly denied the motion for judgment of acquittal.

## III.

Finally, defendant claims that the trial judge erred in allowing the State to introduce evidence of the underlying crime of sexual assault on a minor. Discretionary rulings regarding the admission of evidence by a trial court judge will be upheld if there is a reasonable basis for the ruling. *State v. Goodrich*, 151 Vt. 367, 375, 564 A.2d 1346, 1351 (1989).

The Conditions of Release Order signed by defendant indicated that the charges against him were for sexual assault on a minor. In addition, the letters defendant wrote to Lucille Brace contained references to the events giving rise to the criminal charges against him. Before the start of the trial, defendant objected to the admission of evidence alluding to the charges. The record shows that the judge undertook a balancing analysis pursuant to V.R.E. 403 to determine if the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. He concluded that it was not and that the evidence was admissible since a jury could not determine whether the witness would be intimidated by the communications from defendant without considering the totality of the circumstances under which the communications were received. We find no abuse of discretion in the judge's decision to admit the evidence.

*The conviction for obstruction of justice is affirmed. The denial of defendant's motion for judgment of acquittal on his conviction for violation of a condition of release is reversed and judgment of acquittal is entered on this charge.*