2015 VT 20

**STATE of Vermont v. Stephen BOLESKY**

[___ A.3d ___]

No. 06-478

¶ 1. December 5, 2006. Defendant Stephen Bolesky appeals from the trial court's determination that he should be held without bail pending trial. Mr. Bolesky is charged with first degree murder, 13 V.S.A. § 2301, which is punishable by life imprisonment. *Id.* § 2303(a). Specifically, defendant contends that the court based its decision that evidence of guilt was great on inadmissible evidence. First, defendant contends that the court relied on hearsay statements indicating that the victim was sleeping at the time of the crime and regarding the location of the alleged murder weapon. Second, de-

fendant argues that when the hearsay evidence is excluded, the State cannot adduce evidence of premeditation sufficient for the first degree murder charge.

¶ 2. When a defendant is charged with an offense punishable by life imprisonment, the State must demonstrate that the "evidence of guilt is great" if the defendant is to be held without bail. 13 V.S.A. § 7553.

¶ 3. This Court reviews denials of bail prior to trial pursuant to 13 V.S.A. § 7556(e). "[T]he order appealed from shall be affirmed if it is supported by the proceedings below." *State v. Parda*, 142 Vt. 261, 262, 455 A.2d 323, 324 (1982). The Court must determine whether substantial, admissible evidence, "taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." *State v. Duff*, 151 Vt. 433, 439, 563 A.2d 258, 263 (1989) (citations omitted).

¶ 4. In this case, the court found that the physical evidence from the scene of the crime when combined with the affidavits of various officers weighed heavily in favor of denying bail. Defendant objects to the trial court's reference to the victim "lying on her side . . . in a position consistent with that of rest, of slumber," as stated in Detective Capogrossi's affidavit. Detective Capogrossi did not observe the victim at the crime scene; this information comes from other officers. Thus, we agree that it is hearsay. Second, defendant objects to the court's finding that no firearms were found in the bedroom. Again, this fact comes from Detective Capogrossi's affidavit, but it is a fact about which he had no first-hand knowledge. Therefore, we agree that it should not have been considered. Finally, defendant objects to the court's reference to the police finding a forty-five caliber Ruger on the floor in the closet of the Red Room. This statement also came from Detective Capogrossi's affidavit, but the detective learned this fact from one of his

other officers. Because Detective Capogrossi had no first-hand knowledge of this fact, it is also hearsay.

¶ 5. Defendant himself, however, told the detective that he kept a forty-five caliber Ruger revolver on the floor of the closet in the Red Room, separate from the bedroom, and that there were no other forty-five caliber firearms in the house. Therefore, these admissions were properly considered by the judge. V.R.E. 801(d)(2)(A).

¶ 6. Conceding that the first three facts could not be introduced through Detective Capogrossi's affidavit, the Court still cannot conclude that the trial court erred in denying bail. Those facts did not significantly tip the balance in the State's favor. The fact that the victim was sleeping, and the actual discovery of the Ruger in the Red Room were ultimately excluded from consideration by the trial court. That there were no guns in the bedroom does little to implicate Mr. Bolesky. Therefore, the trial court's consideration of this last factor was harmless.

¶ 7. The trial court had evidence that the victim was shot in bed, through the back of the head with a forty-five caliber bullet. The absence of a tattooing pattern around the wound indicated that the bullet had been fired from at least five feet away thus eliminating suicide as a cause of death. A spent shell casing matching the recovered bullet was found in a forty-five caliber Ruger revolver. Mr. Bolesky told Detective Capogrossi that he owned a forty-five caliber Ruger revolver which he kept in the Red Room. The Red Room was separate from the bedroom. Mr. Bolesky stated that all the doors and windows in the house were locked, and he said repeatedly that no one else had been in the house that morning or at any time in the recent past. These facts, taken together, create a prima facie case that Mr. Bolesky shot the victim in the head from at least five feet away. The trial court reasonably inferred that the forty-five caliber Ruger revolver used to shoot the victim was the same Ruger revolver referred to by defendant as kept in a different room. The evident necessity of taking the revolver from the closet of the Red Room and carrying it into the bedroom allowed the court to reasonably infer premeditation. No other grounds being contested, this was sufficient to sustain the denial of bail under § 7553.

*Affirmed.*