## ENTRY ORDER

### SUPREME COURT DOCKET NO. 2014-328

### SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit |
| | } | Criminal Division |
| Mark A. Delude | } | |
| | } | DOCKET NO. 1734-5-14 Cncr, |
| | | 1744-5-14 Cncr |
| | } | |
| | | Trial Judge: Samuel Hoar |

In the above-entitled cause, the Clerk will enter:

Defendant Mark A. Delude appeals from the superior court's denial of his motion to strike bail and release him on conditions that do not include the requirement of a responsible adult. We reverse the obligation to post bail and grant his appeal.

On May 19, 2014, defendant was arraigned on a misdemeanor charge of unlawful trespass. The State alleged that Mr. Delude had violated an order of no-trespass at a Rite-Aid in Burlington. His bail was set at $1,000. On May 20, 2014, defendant was arraigned on a felony charge of obstruction of justice. Defendant was living in a homeless camp at that time and another homeless person had been found dead at defendant's doorway. The State charged defendant with obstruction of justice based on statements from three other members of the homeless camp. A bail amount of $10,000 was imposed concurrent with the existing bail on the unlawful trespass charge.

Following a hearing on September 4, 2014, the superior court denied defendant's motion to strike bail and be released on conditions. Defendant appealed pursuant to 13 V.S.A. § 7556(b). Pursuant to § 7556(b), this Court must affirm the district court's imposition of bail and other conditions of release as long as the order "is supported by the proceedings below." 13 V.S.A. § 7556(b). The constitutionally legitimate purpose of bail is to assure a defendant's appearance in court as ordered. State v. Brown, 2005 VT 104, ¶ 10, 179 Vt. 22, 26. Bail is not an appropriate method of enforcing other conditions of release. State v. Ashley, 161 Vt. 65, 68 (1993); State v. Cardinal, 147 Vt. 461, 465 (1986).

In this case, the superior court considered important defendant's history of failures to appear, lack of a permanent residence, and the nature of the charge against him. Tr. 9, Lines 21-25. Defendant's last failure to appear, however, was ten years ago. Tr. 6, Line 16. He has since been required to appear in court and has done so. Tr. 6, Lines 21-22.

Counsel for defendant acknowledged at the bail appeal hearing before this Court that defendant does not currently have a home address, but that some possible residences were being evaluated and that she would forward an address as soon as one was confirmed. Although we are cognizant of the court's concern that defendant does not have a permanent residence, transience alone does not warrant imposition of bail or appointment of a responsible adult. Moreover, the court acknowledged that this fifty-one-year-old man has significant ties to the community that provide further assurance that he will appear, and that he has a support network in place.

Finally, State v. Duff makes clear that the seriousness of the charge alone cannot be the basis for setting a high cash bail. 151 Vt. 433, 436 (1989). It appears that the court was strongly influenced by the fact defendant was facing a serious felony, mentioning that fact three separate times. It is uncontested that defendant lacks the financial ability to make his bail. We are satisfied that this defendant's appearance can be sufficiently assured without a cash bail. Nor is there support for the appointment of a responsible adult.

Reversed and remanded with instruction to vacate the $10,000 bail and eliminate the required appointment of a responsible adult. The court may, of course, consider other conditions of release that it deems appropriate.

FOR THE COURT:

Marilyn S. Skoglund, Associate Justice