<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-330

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| Brian M. Barrow | } | |
| | } | DOCKET NO. 379-4-15 Wrcr |
| | } | |
| | | Trial Judge: Theresa S. DiMauro |

In the above-entitled cause, the Clerk will enter:

Defendant has filed this motion to appeal the trial court's denial of his motion to amend conditions of release. Defendant was charged with two counts of domestic assault under 13 V.S.A. § 1042 against two of his minor stepchildren arising from an incident where he spanked the girls on the buttocks with a wooden spoon for stealing a piece of candy. Defendant was arraigned on April 3, 2015 and released on the conditions that he refrain from contact with the children, harassing the children, and placing himself within 300 feet of their residences and schools. Defendant challenged the conditions, and the court held two evidentiary hearings, concluding that the conditions were necessary to protect the children.

The trial court has "broad discretion" in setting conditions of release in order to accomplish the statute's two primary objectives: assuring the future appearance of the defendant in court and promoting public safety. State v. Ashley, 161 Vt. 65, 68, 632 A.2d 1368, 1370 (1993). Review of conditions is limited by 13 V.S.A. §7556(b). They will be affirmed if "supported by the proceedings below." Id.

In his motion to this Court, defendant requests amended conditions to allow supervised contact with the children, as well as additional conditions prohibiting him from disciplining them or discussing the court case. Defendant urges that he has no criminal history, has never failed to obey a court order, and has been released on conditions since arraignment without violation. In a hearing before the trial judge, the Department for Children and Families (DCF) social worker assigned to the family court case, Sarah Malik, testified for the defense that she wanted to transition the children back into their home and believed the no-contact conditions should be lifted to permit supervised therapeutic visits. She asserted defendant had undergone a domestic violence screening, acted in a parental role towards the children, and that she would not recommend such a course of action if she believed the children were in danger in defendant's care. Finally, the children's mother also supports rescinding defendant's no-contact conditions.

However, the proceedings below amply support maintaining the conditions defendant have no contact with the children and maintain a 300-foot distance from their homes and schools.

Section 7554(a)(3) specifically authorizes a court to order a defendant not to "harass or contact…a victim or potential witness". As the trial court stated in the second hearing, such an order is a "standard condition" that is "often imposed" in domestic violence cases. It is also well-established that courts may impose no-contact or limited-contact conditions between a defendant and family members under this provision. See State v. Muldowney, Nos. 2013-138, 2013 WL 2631206 at *2 (Vt. Apr. 1, 2013); State v. Winston, Nos. 2011-410, 2011-411, 2011 WL 9367401 at *2 (Vt. Dec. 23, 2011); State v. Mahoney, No. 2010-104, 2010 WL 7798871 at *2 (Vt. Mar. 25, 2010). Indeed, as the trial court noted, defendant is not a legal or biological father with a right of access to the children, despite his assertion that he functions as a "father figure." Finally, the severity of the beating of the two ten-year old girls—sufficient to leave extensive bruising on the buttocks of both children—the complacency of the girls' mother—who is charged as an accessory to the assault—to the punishment, and the assertion of one of the girls to the investigating officer that she "does not feel safe at home" support the limitations imposed.

Affirmed.

FOR THE COURT:

_____
John A. Dooley, Associate Justice