## ENTRY ORDER

2024 VT 17

SUPREME COURT CASE NO. 24-AP-060

MARCH TERM, 2024

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Eric Champagne | } | CASE NOS. 22-CR-00583 & 22-CR-00585 |
| | } | |
| | | Trial Judge: Kevin W. Griffin |

In the above-entitled cause, the Clerk will enter:

The State appeals a criminal division order granting defendant's request to modify bail by vacating two conditions of release, which required defendant to "be released into the custody of a responsible adult" and to have a curfew at an approved residence. The criminal division concluded that detaining defendant for failure to satisfy these conditions exceeded its statutory authority and violated Chapter II, § 40 of the Vermont Constitution. We conclude that the criminal division acted within its discretion under the statute to strike the conditions and therefore affirm.

Pursuant to the Vermont Constitution, defendants are generally entitled to have bail set. Vt. Const. ch. II, § 40.[1] Although Vermont statutes presume that defendants will be released on personal recognizance or an unsecured appearance bond, the criminal division may impose conditions of release if these measures will not "reasonably mitigate the risk of flight from prosecution," 13 V.S.A. § 7554(a)(1), or "reasonably protect the public." Id. § 7554(a)(2). The statute separately identifies the conditions that may be imposed for each reason.[2] The conditions

_____

[1] There are two situations when defendants may be held without bail prior to trial. First, when the offense is punishable by life imprisonment and the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553. Second, when the defendant is accused of a felony, "an element of which involves an act of violence against another person," "the evidence of guilt is great," "the person's release poses a substantial threat of physical violence," and "no condition or combination of conditions of release will reasonably prevent the physical violence." Vt. Const. ch. II, § 40; 13 V.S.A. § 7553a. The State initially sought to have defendant in this case held under the latter provision.

[2] Monetary conditions, like requiring execution of a secured appearance bond or a surety bond, may only be imposed to mitigate risk of flight. 13 V.S.A. § 7554(a)(1)(D), (E); see State v. Wood, 157 Vt. 286, 289, 597 A.2d 312, 313 (1991) (holding that monetary conditions may not be imposed to protect public under general language allowing court to impose "any other condition found reasonably necessary to protect the public"). The monetary bail condition imposed in this case is not challenged on appeal.

must be the "least restrictive" necessary. Id. The statute provides factors for the court to use in determining whether a person presents a risk of flight from prosecution, lists the types of conditions that may be imposed, and provides additional considerations to guide the court's analysis. Id. § 7554. Among other options, to mitigate the risk of flight or protect the public, the criminal division can "[p]lace a defendant into the custody of a designated person or organization agreeing to supervise" the defendant or "[p]lace restrictions on the travel, association, or place of abode of the defendant." 13 V.S.A. § 7554(a)(1)(A)-(B), (a)(2)(A)-(B).

In January 2022, defendant was charged in two separate cases with felony assault and robbery with injury under 13 V.S.A. § 608(c) and felony larceny under 13 V.S.A. § 2503. Prior to defendant's arraignment for assault and robbery, the trial court set bail at $10,000 and imposed conditions of release, including Condition 4, which required defendant to "be released into the custody of a responsible adult," and Condition 11, which imposed a twenty-four-hour curfew at a court-approved residence. Defendant lacked a responsible adult and an approved residence and therefore was not released.

The State moved to hold defendant without bail under 13 V.S.A. § 7553a. The court granted the State's request to hold defendant without bail pending a weight-of-evidence hearing. Resolution of the request to hold defendant without bail was delayed after defendant's attorney withdrew and new counsel was appointed. In December 2022, the court held a hearing at which defendant argued that imposing Conditions 4 and 11 amounted to a permanent detention because defendant did not have contacts in the community or a Vermont residence. Ultimately, the court declined to hold defendant without bail, and imposed conditions of release including Conditions 4 and 11. The court explained that the conditions were not based on a finding that defendant posed a risk of flight but were linked to public safety given the seriousness of the charges, the level of violence, and the strength of the State's case. On the same day, the court issued a mittimus holding defendant in custody "for lack of responsible adult."

The case was set for a pretrial conference in June 2023, but in August 2023, defendant's second counsel moved to withdraw. The court granted the motion and appointed a third attorney in August 2023. Defendant then moved to amend his conditions, claiming that Condition 4 was unconstitutional because he had no ability to secure a responsible adult and therefore it amounted to being held without bail. The State opposed defendant's request, arguing that the condition was justified because defendant was charged with serious, violent crimes, and presented a flight risk and danger to the public.

After a hearing, the court found as follows. Prior to his arrest, defendant was living at a motel without a permanent home. Defendant went to high school in Vermont and his adoptive parents resided in Vermont, but his connections in the state were slim, and he did not have a responsible adult willing to take custody of him. Defendant's adoptive parents did not return his telephone calls. Defendant did not know his biological father, and his biological mother was out of state, had substance-use issues, and was unhoused. Defendant had other relatives out of state but was not in contact with them. Defendant was unable to secure a responsible adult or supervising organization. Defendant had significant substance-use issues.

Based on these facts, the court first examined whether Condition 4 could be imposed under the statutory authority allowing it to "place a defendant into the custody of a designated person or organization agreeing to supervise" the defendant. 13 V.S.A. § 7554(a)(1)(A). The court concluded that the plain statutory language contemplated that the condition be imposed only when

there existed a responsible adult or organization willing to take custody of the accused. Because there was no identified or possible "designated person or organization," the court concluded that the condition was inapplicable in this case. The court further held that imposing the requirement on a defendant when the court knows the condition cannot be met amounted to holding defendant without bail in violation of Chapter II, § 40 of the Vermont Constitution. Therefore, the court granted defendant's motion to modify bail and vacated Conditions 4 and 11.[3]

Having struck those conditions, the court considered what conditions were authorized under the statute. The court found the following: defendant faced serious charges, including acts of violence; the possible length of imprisonment was up to forty-five years; the weight of the evidence against him was strong; defendant had limited financial resources; defendant had a history of substance use; defendant had a prior criminal record, including a conviction for escape from custody; defendant had limited ties to the community; and defendant had no place to live. The court concluded that defendant presented a significant risk of flight from prosecution and imposed bail of $10,000 cash or surety. The court also found that the other prior conditions imposed on defendant were well-tailored to address public safety and continued those conditions. The State appealed to a single Justice, who referred the matter to the full Court.[4]

On appeal, the State argues that the criminal division erred in vacating Conditions 4 and 11.[5] The State claims that there is no constitutional barrier to imposing these conditions even if defendant is not able to comply. The State argues that Chapter II, § 40 does not apply to defendant's situation because he was being held for failure to comply with conditions rather than being held without bail. The State further argues that the criminal division had the statutory authority to impose Conditions 4 and 11 based on its findings that defendant presented a risk of flight and a danger to the public.

On appeal, the State's primary argument is that the criminal division erred in its interpretation of the Vermont Constitution and that the conditions did not equate to impermissibly holding defendant without bail. We do "not decide constitutional questions unnecessarily." In re M.C., 2018 VT 139, ¶ 9, 209 Vt. 219, 204 A.3d 1123 (quotation omitted); see Wood, 157 Vt. at 288-89, 597 A.2d at 313 (declining to reach constitutional argument where case could be resolved on "narrower ground"). Here, we do not reach the constitutional issue because the case can be resolved on statutory grounds. Even assuming that the State is correct that there was no constitutional bar to imposing Conditions 4 and 11, the record supports the court's decision not to impose Conditions 4 and 11 in this case.

---

[3] The criminal division did not separately analyze Condition 11, but indicated that the issues pertaining to Condition 4 applied to Condition 11.

[4] A person, who is either released with bail or conditions, or who is detained for "inability to meet the conditions of release," is entitled to review of the order by a superior judge. 13 V.S.A. § 7554(d)(1). An appeal may be brought to a single Supreme Court Justice, who may refer the matter to the entire Supreme Court. Id. § 7556(b).

[5] On appeal, the State asserts that this appeal is not moot even though defendant is being held without bail in a separate case pending in the Lamoille Unit of the Criminal Division because the conditions in this case will control if defendant is released in the other case. Defendant has not argued that the case is moot and therefore we do not address the issue.

In assessing which conditions are appropriate to mitigate risk of flight, courts must consider "the seriousness of the offense charged and the number of offenses with which the [defendant] is charged." 13 V.S.A. § 7554(a)(1). Courts also must "take into account" the following factors "on the basis of available information":

> [T]he nature and circumstances of the offense charged; the weight of the evidence against the accused; the accused's employment; financial resources, including the accused's ability to post bail; the accused's character and mental condition; the accused's length of residence in the community; and the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id. § 7554(b)(1). The statute provides a similar list of factors to consider in determining whether to impose conditions to protect the public, which specifies that the court can consider the accused's "record of convictions" and "[r]ecent history of actual violence or threats of violence." Id. § 7554(b)(2). As with all conditions, the court is required to impose the least-restrictive conditions or combination of conditions necessary to mitigate the risk of flight or danger to the public. This Court will affirm a criminal division order regarding conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(b); see State v. Lohr, 2020 VT 41, ¶ 18, 212 Vt. 289, 236 A.3d 1277 (explaining that trial court has broad discretion in setting conditions of release, but "the bail decision cannot be arbitrary" (quotation omitted)).

In support of his motion to modify bail, defendant argued that the responsible-adult condition was not the least-restrictive condition because defendant had made efforts to procure someone willing to supervise him but there was no viable option. Defendant emphasized that locating a responsible adult was something outside of defendant's control and therefore imposing this condition was wholly restrictive of defendant's liberty without any viable means for compliance. The criminal division concluded that the statute's plain language contemplated that there existed a responsible adult or organization willing to take custody of the accused, and imposition of the condition here where there was no ability to secure a responsible adult or organization exceeded the court's authority under § 7554(a)(1)(A) and (a)(2)(A).

We agree with the court's statutory analysis. The conditions at issue here allow the criminal division to "[p]lace a defendant into the custody of a designated person or organization agreeing to supervise" the defendant and "[p]lace restrictions on the travel, association, or place of abode of the defendant during the period of release." 13 V.S.A. § 7554(a)(1)(A)-(B) and (a)(2)(A)-(B). Both conditions may be imposed either to mitigate the risk of flight or to protect the public. In interpreting the scope of these conditions, we look first to the plain language of the statute. State v. Pellerin, 2010 VT 26, ¶ 7, 187 Vt. 482, 996 A.2d 204. Our overall goal is to give effect to the intent of the Legislature.

As to the responsible-adult condition, the language of the statute indicates that the Legislature intended the condition to be used when there is an identified possible person or organization available for placement and the person or organization has already consented to that supervision. This derives from the language that defendant must have a "designated person or organization agreeing to supervise" the defendant. 13 V.S.A. § 7554(a)(1)(A). This interpretation is bolstered by the fact that the condition is phrased in the present tense, implying that there currently exists a person or organization with whom defendant might be placed. The scope of the

4

condition must also be interpreted in light of the statutory requirement to impose the least-restrictive conditions possible.

Here, the court found that defendant made a good-faith effort to find an appropriate person but was unable to secure even a possible candidate for the court's consideration. Based on these facts, the court did not err in vacating the responsible-adult condition.

We recognize that there is a single-Justice decision, which affirmed imposition of a responsible-adult condition, even where the evidence indicated that there was no currently available individual or organization offering to take custody of the defendant. See State v. Thomes, No. 2014-329, 2014 WL 6490179, at *4 (Vt. Sept. 26, 2014) ("Defendant's argument that the condition is tantamount to holding defendant without bail because there is no responsible adult to whose custody he can be released does not change the analysis. A condition is not necessarily improper simply because the defendant is unable to comply with it."). That affirmance, however, was based on the Court's conclusion that the proceedings below supported the criminal division's finding that the responsible-adult condition was the least-restrictive means to protect the public. Id. Moreover, there was no finding, as here, that there was no possibility that the defendant could secure a responsible adult, just that one was not currently available. In fact, this Court emphasized that the criminal division indicated its "willingness to revisit the conditions of release based on new evidence." Id. To the extent that Thomes holds that a responsible-adult condition can be imposed where there is no possible individual or organization to act as a custodian, it is overruled.

This situation is distinct from appeals of monetary bail on the basis that the defendant does not have the ability to pay the amount set. Monetary bail may be imposed solely for the purpose of mitigating risk of flight and not to punish a defendant or protect the public. State v. Pratt, 2017 VT 9, ¶ 13, 204 Vt. 282, 166 A.3d 600. However, a defendant's inability to raise the necessary funds does not amount to an unconstitutional hold without bail or bar the court from imposing the condition. The determination of whether bail is excessive is based on whether the amount is reasonable under the circumstances. Id. ¶¶ 14-15; see 13 V.S.A. § 7554(a)(1)(E) (allowing court to require execution of surety or deposit of cash "[u]pon consideration of the defendant's financial means"). Unlike monetary bail, which can be imposed in varying amounts or through various mechanisms based on the circumstances, a responsible adult condition is a binary choice over which a defendant has little control.

We turn to Condition 11, which imposed a curfew requirement at an approved residence. Like Condition 4, the State contends that the criminal division erred in striking this condition. To protect the public the statute allows the court to impose "restrictions on the travel, association, or place of abode of the defendant during the period of release." 13 V.S.A. § 7554(a)(2)(B).[6] We need not address the scope of what is permitted under this statutory provision because the proceedings below support the criminal division's decision in this case to vacate the condition.

---

[6] The trial court indicated that the curfew provision was imposed under § 7554(a)(2)(D), which allows the court to impose "any other condition found reasonably necessary to protect the public, except that a physically restrictive condition may only be imposed in extraordinary circumstances." We need not reach the question of whether the authority to impose the curfew condition stems from the specific statutory provision allowing the court to impose restrictions on travel, association, or place of abode or under the catchall condition cited by the trial court here because we conclude that the criminal division acted within its discretion in finding that in either case the condition was not the least-restrictive available.

5

The facts here demonstrated that defendant lacked housing, and there was no possibility of locating an approved residence. Under these circumstances, the court acted within its discretion in concluding that this condition was not the least-restrictive means available to protect the public.

Neither party has challenged the other conditions imposed by the criminal division, and we therefore do not address their validity.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice


_____
John R. Treadwell, Superior Judge,
Specially Assigned

6