## STATE of Vermont v. Ryan P. FILIPPO

[772 A.2d 531]

No. 01-141

Present: Johnson, J.

March 26, 2001. Defendant appeals an order of the Bennington District Court denying bail pursuant to 13 V.S.A. § 7553a.*

Defendant was charged with one count of felony unlawful mischief, 13 V.S.A. § 3701(a), and four misdemeanor counts, including domestic assault, petit larceny and misdemeanor unlawful mischief. Title 13 V.S.A. § 7553a provides as follows:

> A person charged with an offense that is a felony, *an element of which involves an act of violence against another person*, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence. (emphasis added).

These charges arise from an incident on March 10, 2001. It is alleged that defendant and his girlfriend, Erika Carey, got into a heated verbal argument that escalated to violence. Ms. Carey and defendant had been living in the same

---

* Although this appeal was heard before a transcript of the district court judge's order was available, defendant and the State stipulated that bail was denied pursuant to this statute.

apartment since January 2001. Immediately after the violent incident where defendant allegedly grabbed Ms. Carey by the neck and threw her to the ground, Ms. Carey applied for and received a temporary relief from abuse order. While Ms. Carey was away from the apartment, defendant had allegedly "trashed" the bedroom, cut the cords to several appliances, and broke a small table. Also Ms. Carey's personal hygiene products had been thrown in the bathtub and left with water running on them. When the police arrived at the apartment to serve defendant with the relief from abuse order later that evening, they found that Ms. Carey's car had been attacked. Her driver side window had been smashed, bleach had been poured on the dashboard, there were dents in the driver side front quarter and the passenger mirror had been torn off. On the hood of the car, obscenities directed at Ms. Carey had been scratched into the paint. A next door neighbor gave a statement alleging that he witnessed defendant conducting these acts of destruction on the car.

Defendant argues that the felony with which he has been charged does not contain an element of physical violence. The one felony charged was 13 V.S.A. § 3701(a), which reads as follows:

> A person who, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, does any damage to any property which is valued in an amount exceeding $1,000.00 shall be imprisoned for not more than five years or fined not more than $5,000.00 or both.

The State responds that its offer of proof on the felony charge will necessarily involve evidence of violence against Ms. Carey. At issue is whether the word "element" as used in § 7553a can refer more broadly to "proof of violence"

rather than to the essential statutory component of a crime.

On appeal, defendant submitted a written brief, while, due to the expedited nature of the hearing, the State did not. Oral arguments were held before the undersigned justice.

Reviewing the statutory language, I am persuaded that "element" as it is used in § 7553a refers to the statutory components of the felony charged, and not the evidence that will be offered to prove the felony. Our paramount goal in statutory construction is to give effect to the Legislature's intent. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). We apply the plain meaning of a statute where the language is clear and unambiguous. *Conn v. Middlebury Union High School Dist. # 3*, 162 Vt. 498, 501, 648 A.2d 1385, 1387 (1994). Here, the ordinary, plain meaning of "element" is the traditional meaning associated with criminal charges, i.e., "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction." Black's Law Dictionary 520 (6th ed. 1990). "In the absence of contrary indication, we assume that when a statute uses [a term of art], Congress intended it to have its established meaning." *McDermott International, Inc. v. Wilander*, 498 U.S. 337, 342 (1991). There is no indication that the Legislature intended the term "element" to have a meaning other than its normal meaning in criminal law.

Morever, to accept the State's interpretation that "element" of violence should be read to include "proof of violence" would greatly increase the number of crimes to which § 7553a could potentially apply. This position is untenable given the presumption in Vermont that most prisoners are bailable. Vt. Const. ch. II, § 40; 13 V.S.A. § 7554. A broad expansion of § 7553a is therefore unwarranted.

In this case, the central element of the felony charged is property damage exceeding $1,000.00. For the prosecution to sustain its case, it does not need to prove any "act of violence against another person" because such violence is not an "element" of the crime. That the proof of property damage exceeding $1,000.00 may necessarily involve evidence of violent acts toward Ms. Carey is inconsequential for the purposes of bail under § 7553a. Therefore, I hold that the trial court erred as a matter of law in holding defendant without bail pursuant to 13 V.S.A. § 7553a. On remand, the court should determine bail and any conditions of release pursuant to 13 V.S.A. § 7554.

*Reversed and remanded.*