2009 VT 63

**STATE of Vermont v. Kirt TAVIS**

[978 A.2d 465]

No. 08-152

¶ 1. June 12, 2009. Defendant appeals from the Addison District Court's denial of his motion to dismiss a charge of violating conditions of release (VCR). Defendant claims that the condition he allegedly violated, one prohibiting him from contacting the complainant, became effective only upon release from custody. We agree and reverse.

¶ 2. On June 8, 2007, the Addison District Court arraigned defendant on charges of second degree domestic assault and issued a boilerplate form entitled, "Conditions of Release," that stated:

It is therefore ORDERED that the defendant be released upon the following conditions:

**You must give the court a Surety Bond or cash in the amount of $1500.00.**

**In addition:**

1. You must come to court when you are told to.

2. You must give your attorney or the court clerk your address and phone number. If it changes, you must tell them immediately.

3. You must not be charged with or have probable cause found for a new offense while this case is open.

12. You must NOT buy, have or drink any alcoholic beverages.

14. You must NOT have contact with: [the complainant]. This includes in person, in writing, by telephone, by e-mail or through a third person.

VIOLATIONS OF ANY OF THESE CONDITIONS IS A CRIME. If you violate any of these conditions the court may send you to jail and you may be charged with new crimes. You must follow these conditions until your case is closed or until the court changes the conditions.

The standard-form order was signed by the presiding judge and defendant.

¶ 3. Thereafter, defendant was unable to post bail and remained incarcerated until a status conference held on August 7, 2007. On that date, the court struck the bail provision from the order, warned defendant to refrain from contact with the complainant, and released defendant from custody.

¶ 4. After defendant's release, but before final adjudication of his domestic assault charge, the State arraigned defendant on charges of VCR and suborna-

tion of perjury. The State alleged that, while incarcerated, defendant had contacted the complainant by telephone and by mail and attempted to procure her perjury. The State did not allege that defendant attempted to contact the complainant after being released.

¶ 5. In November 2007, defendant moved to dismiss the VCR charge under Vermont Rule of Criminal Procedure 12(d) for lack of a prima facie case, arguing that the court issued a no-contact order that took effect only upon his release instead of an order that took effect immediately consistent with 13 V.S.A. § 7554(a)(3). The State filed a memorandum in response, arguing that both the language of the standard-form order and § 7554(a)(3) made the order effective immediately. The trial court agreed with the State and denied defendant's motion to dismiss, reasoning that "[e]ven if the phrasing of the form is unclear, the amended statute expressly states that no-contact orders 'shall take effect immediately, regardless of whether the defendant is incarcerated or released.'" (Quoting § 7554(a)(3).)

¶ 6. The statute relied upon by the court is a subsection of the statute governing release prior to trial, 13 V.S.A. § 7554. Prior to the 2004 amendment,[1] § 7554(a)(3) read: "[a] judicial officer may as a condition of release order that a defendant not harass or cause to be harassed a victim or potential witness." 13 V.S.A. § 7554(a)(3) (1998). The Legislature amended § 7554(a)(3), apparently in response to our decision in *State v. Ashley*, 161 Vt. 65, 68-71, 632 A.2d 1368, 1370-71 (1993), wherein we held that conditions of release under the prior statute were enforceable only when a defendant was, in fact, released from custody. The statute currently states: "A judicial officer may order that a defendant not harass or contact or cause to be harassed or contacted a victim or potential witness. This order shall take effect immediately, regardless of whether the defendant is incarcerated or released." 13 V.S.A. § 7554(a)(3).[2]

¶ 7. In this case, defendant admitted to contacting the complainant while incarcerated, and entered a conditional plea of guilty to the VCR charge. His plea is contingent upon this appeal, in which he (1) renews his argument that the language of the standard-form order he signed requires that he be released from custody for the no-contact provision to come into effect, and (2) argues that the district court failed to inform and advise him of the specific terms of the conditions-of-release order as required by § 7554(c).

¶ 8. "In reviewing a Rule 12(d) motion, we consider whether the evidence, taken in the light most favorable to the State, excluding modifying evidence, would fairly and reasonably tend to show [that the] defendant committed the offense, beyond a reasonable doubt." *State v. Baron*, 2004 VT 20, ¶ 2, 176 Vt. 314, 848 A.2d 275 (quotation omitted).

¶ 9. We construe boilerplate state forms like contracts. See *State v. Murray*, 159 Vt. 198, 205, 617 A.2d 135, 139 (1992) (construing a deferred-sentence agreement as a contract); *State v. Duffy*, 151 Vt. 473, 477, 562 A.2d 1036, 1038 (1989) (construing probation order as a contract); see also *United States v. Vaccaro*, 51 F.3d 189, 193 (9th Cir. 1995) (construing a bail bond as a contract). Here, the "Conditions of Release" form's operative language orders that "defendant be released upon the following conditions," and then states the bail amount and five other conditions, including not having contact with the complainant. In total, it employs some derivative of the word "condition"

---

[1] See 2003, No. 73 (Adj. Sess.), § 6.

[2] The language "or contact" and "or contacted" was added by 2005, No. 193 (Adj. Sess.), § 10.

five times and the word "release" four times, but makes no mention of the statutory imperative that no-contact orders take effect immediately regardless of a defendant's custodial status. The form can be interpreted only in one way — to make defendant's release from custody and ability to remain out of custody contingent upon compliance with the listed conditions. Its language cannot reasonably be interpreted to impose an immediately effective no-contact order.

¶ 10. Additionally, the neighboring provisions, which require defendant to come to court, update his contact information, not be charged with or have probable cause found for new offenses, and not buy, have, or drink alcoholic beverages, can apply only outside of prison walls.[3] Also, the form's final statement, that if defendant violates any of the conditions "the court may send [him] to jail," quite obviously contemplates defendant not being in jail at the time of violation. As we noted in Ashley, "[t]he language makes sense only assuming the defendant is on release." 161 Vt. at 69, 632 A.2d at 1371 (interpreting pre-amendment 13 V.S.A. § 7554(a)(3)). It would seem the standard condition-of-release form has not been updated to incorporate the amended statutory directive. Be that as it may, the no-contact provision of the order signed by defendant, taken alone or in context, unambiguously takes effect only upon release.[4]

---

[3] This is, of course, with the exception of crimes committed while incarcerated.

[4] Even if the conditions-of-release order was ambiguous, we would construe it against the State. Based on the rule of contract law that "[d]oubtful language in a contract should be construed most strongly against the party who framed and wrote it," *Stratton v. Cartmell*, 114 Vt. 191, 194, 42 A.2d 419, 421 (1945), we construe ambiguity in preprinted state

¶ 11. Defendant's second argument also supports our decision. Defendant contends that the trial court failed to inform and advise him of the conditions imposed and penalties applicable to violation of the conditions as required by § 7554(c). Section 7554(c) establishes such a responsibility on the part of a court authorizing release prior to trial:

> A judicial officer authorizing the release of a person under this section shall issue an appropriate order containing a statement of the conditions imposed, if any, shall inform such person of the penalties applicable to violations of the conditions of release and shall advise him or her that a warrant for his or her arrest will be issued immediately upon any such violation.

13 V.S.A. § 7554(c). This requirement creates a record of the conditions imposed and penalties applicable to violations of those conditions, and gives the defendant fair warning of the same. In this case, "an appropriate order, stating the conditions imposed," would have stated that the no-contact provision took effect regardless of

---

forms against the State, see *Murray*, 159 Vt. at 205, 617 A.2d at 139 (resolving ambiguity in deferred sentence agreement, like all probation agreements, against the State). See also *United States v. Gottesman*, 122 F.3d 150, 152 (2d Cir. 1997) (construing ambiguous plea agreement against the government). The judiciary, an arm of the state, crafted this form and has the responsibility to incorporate the statutory imperative of § 7554(a)(3) that no-contact orders take effect immediately. The State contends that defendant failed to preserve the argument that any ambiguity in the order be interpreted in his favor. Because the form at issue is unambiguous, however, we need not reach the preservation issue.

whether defendant was released or remained incarcerated. However, there is nothing in the record to suggest that the court informed defendant that he was not to contact the complainant while he was incarcerated. The State does not contest defendant's assertion that the trial court failed to supplement the written form with any verbal information concerning what was expected of him. Without such, the plain language of the conditions-of-release form did not give defendant fair warning that he was not allowed to contact the complainant from his jail cell.

¶ 12. The State contends that defendant did not preserve for appeal his argument that he was not provided adequate notice of the scope of the no-contact provision under § 7554(c). We find defendant's motion to dismiss inclusive of his lack-of-adequate-notice claim. In substance, it was the core of his argument for dismissal. Section 7554(c) obligates the court to issue an appropriate order informing defendant of the conditions imposed. While the statute clearly and unambiguously directs that a no-contact order take effect immediately, regardless of whether the defendant is incarcerated or released, no one told this to defendant. This error subjected defendant to a conviction for violating an order which, by its own terms, did not prohibit his conduct. Such a result contravenes the letter and spirit of § 7554(c).

¶ 13. In conclusion, the trial court wrongfully denied defendant's motion to dismiss because the no-contact order that defendant allegedly violated was, by its own terms, effective only upon release from custody. Moreover, the trial court did not advise defendant that the order was effective immediately regardless of defendant's custodial status. As noted by Justice Dooley in dissent in *State v. Spitsyn*, 174 Vt. 545, 550, 811 A.2d 201, 207 (2002) (mem.), "[t]his case should teach us to be more careful and precise in drafting judicial forms."

*Reversed.*