2011 VT 18

**STATE of Vermont v. John STAMPER**

[15 A.3d 142]

No. 09-391

¶ 1. February 7, 2011. Defendant appeals from the trial court's denial of his motion to dismiss a charge of failure to comply with the sex offender registry statute, second offense, in violation of 13 V.S.A. § 5409(a)(2). In 1999, defendant pled nolo contendere to a charge of lewd or lascivious conduct with a child as defined in 13 V.S.A. § 2602. At the time of the conduct underlying his plea, defendant was seventeen years old and the victim was fifteen years old. Following his plea, defendant was required to register as a sex offender. In 2009 defendant failed to

promptly register a change of address, violating the statutory obligation of sex offenders. See *id.* § 5407(a)(3). He moved to dismiss the resulting charge of failure to comply, contending that he was exempt from registration under the statutory exception found in 13 V.S.A. § 5401(10)(B)(iii) because he was under the age of eighteen and the victim was at least twelve years old at the time of the offense and because the conduct was criminal only because of the age of the victim. The trial court denied defendant's motion because it found, based on the probable cause affidavit underlying the lewd-or-lascivious-conduct charge, that defendant's criminal conduct was nonconsensual and because it believed that the exemption under which defendant sought protection had changed and did not apply retroactively, thereby affording defendant no relief. Defendant then entered a conditional plea and took this appeal. We reverse.

¶ 2. The State concedes that the trial court erred in its view of retroactivity of the registry exemption and agrees that "at all relevant times the sex offender registration statute has excluded from the registration requirement conduct [that] is criminal only because of the age of the victim where the defendant is a minor." The State also concedes that the statute under which defendant was convicted fits the exemption and that defendant was under the age of eighteen and the victim was at least twelve years old at the time of the underlying conduct. It argues, however, that we should read the exemption as relating not to the statute giving rise to defendant's conviction but to the conduct for which he was convicted.[1] The

_____

[1] 13 V.S.A. 5401(10)(B) provides that "[s]ex offender" means

> [a] person who is convicted of any of the following offenses against a victim who is a minor, except that, for pur-

State contends that because the conduct in this case was not consensual, defendant's conduct was criminal regardless of the victim's age.

¶ 3. In reviewing a trial court's denial of a motion to dismiss for failure to allege a prima facie case, we consider whether the evidence, taken in the light most favorable to the State, excluding modifying evidence, would fairly and reasonably tend to show that the defendant committed the offense beyond a reasonable doubt. *State v. Tavis*, 2009 VT 63, ¶ 8, 186 Vt. 554, 978 A.2d 465 (mem.); see V.R.Cr.P. 12(d)(2). The statutory issues on appeal concern questions of law to which we give nondeferential and plenary review. *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999). Our "overriding objective" when interpreting a statute is to effectuate the Legislature's intent. *State v. Dixon*, 169 Vt. 15, 17, 725 A.2d 920, 922 (1999) (quotation omitted). To do so, we first look to the language of the statute as written because "we presume the Legislature intended the plain, ordinary meaning of the language." *Id.* (quotation omitted).

¶ 4. We decline to accept the State's view of § 5401(10)(B), which could not be more plain. The statute exempts "conduct which is criminal" — that is, conduct that is a crime — "only because of the age of the victim" from the listed "offenses" for which conviction renders the defendant a sex offender for purposes of the registry. 13 V.S.A. 5401(10)(B). The crime, a pre-

poses of this subdivision, conduct which is criminal only because of the age of the victim shall not be considered an offense for purposes of the registry if the perpetrator is under the age of 18 and the victim is at least 12 years old: . . . (iii) lewd and lascivious conduct with a child as defined in 13 V.S.A. § 2602.

requisite to the registration requirement, must be the statutory crime of which the defendant was actually convicted — in this case, lewd or lascivious conduct with a child under sixteen years of age. See 13 V.S.A. § 2602. The victim's age is the reason the conduct prohibited by § 2602 is criminal, and defendant was under eighteen and the victim at least twelve at the time the offense took place. Defendant is thus exempted from the sex offender registry requirements; per the terms of § 5401(10)(B), he is not a sex offender required to register on the basis of his conviction.

¶ 5. Construing the registry exemption in the manner suggested by the State eliminates the exemption language from the statute. See *Chittenden v. Waterbury Ctr. Cmty. Church, Inc.*, 168 Vt. 478, 491, 726 A.2d 20, 29 (1998) ("There is a presumption that the Legislature does not intend to enact meaningless legislation . . . ." (quotation omitted)). Moreover, the State's proposed construction would convict defendant of a different crime, one that has not been charged or proven against him. The information stated that defendant "willfully and lewdly commit[ed] a lewd and lascivious act upon the body of a child under the age of sixteen years . . . with the intent of gratifying his sexual desires." See 13 V.S.A. § 2602(a)(1) ("No person shall willfully and lewdly commit any lewd or lascivious act upon or with the body . . . of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child."). Lack of consent is not an element of the crime with which defendant was charged and of which he was convicted following his nolo contendere plea. The trial court's attempt to bridge this gap by relying on the probable cause affidavit or any factual allegations or admissions underlying the charge of lewd or lascivious conduct with a child was improper and does not over-

come the fact that defendant was convicted of a crime in which consent was irrelevant. The issue of consent cannot be revived to pull defendant into the registration requirement.

¶ 6. The State argues that if we do not construe the statute as relating to the underlying "conduct" that produced the charge, then all offenders under the age of eighteen who are convicted of lewd or lascivious conduct with a child in violation of 13 V.S.A. § 2602 will be exempt under 13 V.S.A. § 5401(10)(B), regardless of whether there was consent in fact. This will be true for defendants who are under eighteen years of age with victims who are at least twelve years old. But the State has more than one potential charge to cover the conduct alleged. It chose the charge of lewd or lascivious conduct with a child, exercising its discretion, perhaps because it was a more serious charge than lewd or lascivious conduct and perhaps because it did not have to prove anything other than the lewd acts and the ages of defendant and the victim. The State's chosen charge was plainly exempt from registration, given the ages of the minors involved. The motion to dismiss for lack of a prima facie case should have been granted.[2]

*Reversed.*

[2] In light of our disposition, defendant's motion to strike the State's supplemental printed case is moot.