**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-103

MARCH TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Charles Madigan | } | |
| | } | DOCKET NO. 177-2-11 Bncr |
| | } | |
| | } | Trial Judge: David A. Howard |

In the above-entitled cause, the Clerk will enter:

In this bail appeal, the State of Vermont challenges the superior court's order releasing defendant on $20,000 bail with multiple conditions of release pursuant to 13 V.S.A. § 7554 rather than considering the State's request to hold defendant without bail pursuant to 13 V.S.A. § 7553a, which requires a felony with an element of violence. See 13 V.S.A. § 7556(c) ("When a person is released . . . an appeal may be taken by the state.").

Defendant is charged with three counts of lewd or lascivious conduct with a child in violation of 13 V.S.A. § 2602. The State argues: (1) lewd or lascivious conduct with a child involves an act of power over a vulnerable child such that it is a crime of violence to which § 7553a applies; (2) the Legislature considers lewd or lascivious conduct with a child a crime of violence; (3) applying § 7553a to persons charged with lewd or lascivious conduct with a child best serves the purpose of § 7553a, which is to protect the public; and (4) the facts underlying the charge of lewd or lascivious conduct with a child render it subject to § 7553a. Because the trial court properly considered bail under § 7554, I affirm.

The State requested that defendant be held without bail pursuant to § 7553a. Section 7553a states:

A person charged with an offense that is a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence.

The court initially granted this request pending a weight of the evidence hearing pursuant to § 7553a. The court subsequently concluded that because defendant's charged crime does not

contain a statutory element of violence against a person, § 7553a is inapplicable. The court released defendant under § 7554 upon a combination of conditions, including that defendant give the court a bond or cash bail in the amount of $20,000; not have contact with, abuse, or harass the victim; and not have contact with any minor under the age of sixteen. See 13 V.S.A. § 7554 (stating that person charged with an offense, other than those held without bail under § 7553 or § 7553a, shall be released on bail with least restrictive conditions imposed to reasonably assure person's appearance and reasonably protect public).

The conditions are not at issue. The issue is one of law, which I review de novo. State v. Stamper, 2011 VT 18, ¶ 3 (mem.) ("The statutory issues on appeal concern questions of law to which we give nondeferential and plenary review.").

The State first argues that § 2602 contains an element involving an act of violence against another person such that § 7553a applies. Specifically, the State contends that "[a]ny lewd and lascivious touching by an adult of a child is, as a matter of common sense, an act of power against a vulnerable child who is incapable of consenting as a matter of law" and that this should be considered an "act of violence against another person" for purposes of § 7553a. The State relies on this Court's decision in State v. Madison, in support of its broad definition of "violence" as an "act of power." 163 Vt. 390, 395 (1995).

Our goal in statutory construction is to give effect to the Legislature's intent. Stamper, 2011 VT 18, ¶ 3. We apply the plain meaning of the statute's language where it is clear and unambiguous. Id. The plain language of § 7553a demonstrates that the Legislature intended "violence" in the context of this statute to refer to physical violence, not abusive or unjust uses of power. A court applying § 7553a to hold a person without bail must find that the person's release "poses a substantial threat of physical violence to any person" and that no condition or combination of conditions of release "will reasonably prevent the physical violence." 13 V.S.A. § 7553a.

The legislative history of § 7553a and the corresponding amendment to Chapter II, section 40 of Vermont's Constitution—with language identical to that of § 7553a—support this interpretation. The remarks of the senator delivering the Committee on Judiciary's report on the constitutional amendment emphasize that this amendment would allow a person accused of a felony, an element of which involves an act of violence against another person, to be held without bail only where the court finds upon clear and convincing evidence that the person's release poses a substantial threat of physical violence to another person and that no condition or combination of conditions of release will reasonably prevent the physical violence. Sen. Jour. 398-402, 1991-1992 Gen. Assem., Bien. Sess. (Vt. Apr. 1, 1992). These changes arose in response to "serious injury and damage . . . done to members of society" perpetrated by persons allowed out on bail when those persons, "by behavior or actions, . . . indicated that the likelihood of further injury to society [was] extremely high." Id.

Accepting the State's interpretation of "violence" as "an act of power" would substantially increase the number of crimes falling under § 7553a without clear legislative authority to do so. See State v. Filippo, 172 Vt. 551, 552 (2001) (mem.) ("Moreover, to accept the State's interpretation that 'element' of violence should be read to include 'proof of violence'

2

would greatly increase the number of crimes to which § 7553a could potentially apply."). As stated in State v. Filippo, "[t]his position is untenable given the presumption in Vermont that most [detainees] are bailable." 172 Vt. at 552; see Vt. Const. ch. II, § 40; 13 V.S.A. § 7554. Section 7553a is an exception that switches that presumption—from bailable to not-bailable—only in limited circumstances. The majority of detainees remain entitled to bail under § 7554.

The language of § 2602 also demonstrates that the Legislature did not intend lewd or lascivious conduct with a child to fall under § 7553a. Section 2602(a)(1) reads:

> No person shall willfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child.

Notably, we have held that this crime does not require touching or contact, let alone a touching that could be characterized as physically forceful. See State v. Wiley, 2007 VT 13, ¶ 11, 181 Vt. 300 ("[L]ewd and lascivious conduct [with a child] does not necessarily require physical contact between the perpetrator and the victim."). In contrast, the sexual assault charge at issue in Madison includes a statutory element of physical touching or invasion. See 13 V.S.A. § 3251 (defining "sexual act" to include "contact" or "intrusion"); 13 V.S.A. § 3252 (criminalizing nonconsensual sexual acts as sexual assault). While the Court in Madison did suggest that sexual assault fell under the broad definition of violence as an "abusive or unjust use of power," it also explained that even the "narrower" dictionary definition of "violence" as "physical force employed so as to violate, damage, or abuse" brought the charged crime within § 7553a. 163 Vt. at 395 (quotations omitted). More importantly, the plain language of the statutes at issue and the Legislature's stated intent are far more indicative of their meanings than an array of dictionary definitions.

The State also argues that the Legislature considers lewd or lascivious conduct with a child a crime of violence. In support of this argument, the State focuses on the Legislature's statement of purpose in its 2005 amendment of the penalty provisions for § 2602 and the sentencing structure for § 2602. I am more persuaded, however, by the Legislature's failure to specifically state that conduct constituting the offense of lewd or lascivious conduct with a child should be considered a violent act for the purpose of determining bail in any of its recent amendments to § 2602. The Legislature made an explicit directive of this kind for first degree aggravated domestic assault, 13 V.S.A. § 1043. It knew how to bring offenses within § 7553a but did not do so for § 2602.

In addition, the State argues that the Legislature intended lewd or lascivious conduct with a child to be a crime of violence for bail purposes because that would best serve the purpose of § 7553a: protecting the public, here, children in the community. The purpose of § 7553a is to protect the public from persons who have committed crimes of violence, not to protect the public from everyone who has been charged with a felony. It is worth noting, however, that few persons granted bail are released without conditions that fit the crime charged and that those conditions protect the public. See also 13 V.S.A. § 7554(a)(2) (authorizing the judicial officer to

apply conditions to "reasonably assure protection of the public").  Indeed, the court imposed conditions in this case barring all contact with the victim and no contact with persons under the age of sixteen.

Lastly, the State argues that the facts underlying the charge at hand demonstrate unwanted touching.  Section 7553a directs us to consider only the statutory elements of the felony charged, however, not the facts alleged.  Cf. Stamper, 2011 VT 18, ¶ 5.  I conclude that § 7553a does not apply to § 2602 and the superior court correctly released defendant with a combination of conditions pursuant to § 7554.

Affirmed.

FOR THE COURT:

_____
Denise R. Johnson, Associate Justice

4