NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 9

No. 2017-029

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Malik A. Pratt | February Term, 2017 |

Dennis R. Pearson, J.

Ryan O. Richards, Chittenden County Deputy State's Attorneys, Burlington, and David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Michael J. Straub, Law Offices of Michael J. Straub, Burlington, and Sara Puls, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **ROBINSON, J.** This case calls upon us to consider whether a court may, in order to secure a defendant's appearance in court, impose bail in an amount that the defendant is unable to pay. Defendant appeals the trial court's requirement that he post a secured appearance bond in the amount of $25,000 with a ten percent deposit to be paid to the court. Defendant is now being held for lack of bail, and he argues that the amount set by the trial court is excessive. Although a court must consider a defendant's financial resources in determining conditions of release, we conclude that neither the U.S. nor Vermont Constitution nor the applicable Vermont statutes require trial courts to find that a defendant has a present ability to raise bail in the amount set by the court. Although courts must consider a defendant's financial resources when they set bail,

courts may set bail at a level that a particular defendant cannot secure. In setting bail, courts must always be guided by the goal of securing a defendant's appearance at trial, and should not set bail at an unattainable level for the purpose of detaining a defendant rather than assuring the defendant's appearance. Given these standards, and the broad discretion trial courts enjoy in these cases, we conclude that the trial court's bail decision is "supported by the proceedings below," 13 V.S.A. § 7556(b). We accordingly affirm.

¶ 2. On August 22, 2016, defendant was arraigned on two felony charges for aggravated domestic assault, 13 V.S.A. § 1043(a), and attempted sexual assault, 13 V.S.A. § 3252(a)(1). (Docket No. 3102-8-16 Cncr). Initially, the State requested that defendant be held without bail, and the court scheduled a hearing to consider the motion.[1] The State subsequently withdrew its motion to hold defendant without bail and requested that the court impose bail and conditions of release requiring defendant to stay with a responsible adult and abide by a curfew. The court imposed a $10,000 secured appearance bond, with a $2000 deposit to be paid to the court. On September 12, defendant posted bail through a bail bondsman and was released under conditions that required him to stay at a court-approved address, comply with a curfew, not contact the victim, and enroll in school.

¶ 3. On October 3, defendant was arrested and arraigned on two new sets of charges. Included in the first set of charges was one felony count of burglary, 13 V.S.A. § 1201(c)(1), three misdemeanor counts of violating conditions of release, 13 V.S.A. § 7559(e), and two misdemeanor counts of buying, receiving, selling, possessing, or concealing stolen property, 13 V.S.A. § 2561(b) (Docket No. 3643-9-16 Cncr). The court set bail at $25,000 for this set of charges, consecutive to defendant's existing bail obligation, and imposed a number of conditions of release. Included in

---

[1] The State apparently filed this motion pursuant to both 13 V.S.A. § 7553 (release in cases punishable by life imprisonment) and 13 V.S.A. § 7553a (release in cases involving acts of violence).

the second set of charges was one count of felony possession of methamphetamine, 18 V.S.A. § 4234a(a), and misdemeanor counts of resisting arrest, 13 V.S.A. § 3017(a)(1), unlawful trespass, 13 V.S.A. § 3705(a), and petit larceny, 13 V.S.A. § 2502 (Docket No. 3646-10-16 Cncr). The court imposed bail of $2500 for this set of charges, concurrent with the bail imposed in the first set of charges.[2]

¶ 4. On November 18, defendant filed a motion to review the $25,000 bail determination, and the court held a hearing to consider the motion on November 28. Defendant argued that the State failed to provide evidence that he could meet the bail requirement and that the court must make particularized findings regarding defendant's risk of flight that would justify the bail amount. In its December 1 order, the court considered the role of a defendant's ability to raise bail in a bail determination, asking whether any amount of bail may be imposed upon an indigent defendant. It did not directly answer the question in its analysis. Instead, after reviewing the evidence pertinent to the bail review hearing, the court concluded that there had been a dramatic escalation over the course of several months in the alleged criminality of defendant's conduct, with criminal charges exponentially increasing in quantity and severity. The court concluded that the real issue in this case was protecting the public from further criminal behavior that could include the risk of violence and physical harm to others. Accordingly, the court scheduled another hearing on the issue of whether defendant should be held without bail under § 7553a. In the meantime, the court ordered that the $25,000 bail requirement remain in effect.

---

[2] Defendant faces additional charges on other dockets that are not discussed here. These charges are relevant to the trial court's bail determination, as the court considers the number and nature of charges pending against a defendant when setting bail. 13 V.S.A. § 7554(a)(1). However, this appeal pertains only to the trial court order issued on December 28 setting bail for docket numbers 3102-8-16 Cncr, 3643-9-16 Cncr, and 3646-10-16 Cncr, and we therefore consider the additional pending charges only to the extent that they bear on defendant's flight risk, in accordance with 13 V.S.A. § 7554(a)(1).

¶ 5.     The court held another hearing on December 22 to address the issue of whether defendant should be held without bail. The State, however, chose not to pursue a hold-without-bail order and instead argued that the $25,000 bail requirement should be maintained under 13 V.S.A. § 7554(a). At this hearing, the court considered the bail and conditions in all three of the above dockets.

¶ 6.     In its December 28 order, the court incorporated its earlier findings and conclusions from the December 1 order. These findings included that defendant was facing thirty-one separate charges in fourteen pending cases, including serious felonies such as aggravated first-degree domestic assault, attempted sexual assault, and two counts of burglary involving occupied residences. He faces potential life imprisonment. Five of defendant's pending charges involve violating conditions of release, indicating lack of compliance with the "least restrictive" requirements previously imposed by the court. His family ties are minimal, and his mother is the putative victim in connection with the aggravated first-degree domestic assault charge. He is not employed, and is currently transient, if not homeless, with no fixed residence. And he does not have any financial resources. On the other hand, the court noted that defendant was able to raise enough money to secure a bail bond in the amount of $2000 to satisfy the deposit requirement for the court's prior $10,000 secured appearance bond, he has no prior convictions, and no failure-to-appear charges on his record; almost all of his current pending charges have occurred in rapid succession over several months. Considering these findings, the court concluded that defendant did present a flight risk, so some amount of bail was necessary to secure his appearance.

¶ 7.     The court issued an order converting bail for the two sets of new charges filed on October 3 to a secured appearance bond in the amount of $25,000 with a ten percent deposit to be paid to the court, concurrent in both cases. On the same day, the court reimposed the $10,000 secured appearance bond, with a $2000 deposit, in the case involving the August 22 assault

4

charges.[3]  The $25,000 and $10,000 bond requirements were ordered to run consecutive to each other.  The court also approved a family friend to serve as a responsible adult in connection with one of defendant's conditions of release.  The court noted that release on pretrial detention under 13 V.S.A. § 7554b, with more structure and supervision by the Department of Corrections, would be preferable, but observed that that statute is infrequently used because the Department infrequently approves the proposed residence and/or custodian, even though such pre-approval is not explicitly required by the statute.

¶ 8.    Defendant was unable to post bail and remains in pretrial custody.  Defendant appealed the cash bail requirement to a single Justice of this Court, who referred it to the full court for consideration.   13 V.S.A. § 7556(b).  His primary argument on appeal is that the bail requirement set by the trial court was unconstitutionally excessive and was not the least restrictive means to assure defendant's appearance in court because he is indigent and cannot meet the bail amount.  Defendant asserts that a bail decision must be based on findings of a defendant's ability to pay and that the trial court here did not properly consider defendant's financial circumstances when setting bail.

¶ 9.    We conclude that under Vermont's constitutional and statutory scheme, a trial court setting bail is not required to make a finding that a defendant has an ability to pay the required amount of bail.[4]  However, under this scheme, and in light of our caselaw on the subject, bail requirements at a level a defendant cannot afford should be rare.

---

[3]  On March 2, 2017 the trial court, on its own initiative, issued an order reducing to $1000 the deposit required toward the bail amount in the case involving the August 3 assault charges (Docket No. 3102-8-16 Cncr).  That order does not on its face address the $25,000 bail order issued in connection with the October 3 charges (Docket Nos. 3643-9-16 Cncr and 3646-10-16 Cncr), and the record available to this Court does not reflect any changes in connection with that docket. We accordingly proceed on the understanding that that order remains in effect.

[4]  Because the State did not try to make the necessary showing under §§ 7553 and 7553a that the evidence of guilt on one of the qualifying charges is great, and the trial court accordingly did not make such a finding, we presume that, notwithstanding the nature of some of the charges

5

¶ 10. Vermont's approach to pretrial release is grounded in the Vermont and U.S. Constitutions, and is detailed in Vermont's statutes. The Vermont Constitution provides that, with two exceptions not applicable here, "[a]ll persons shall be bailable by sufficient sureties." Vt. Const. ch. II, § 40. It further requires, "[e]xcessive bail shall not be exacted for bailable offenses." Id.; see also, U.S. Const. amend. VIII ("Excessive bail shall not be required").[5] The Vermont statute setting standards for pretrial release on bailable offenses, 13 V.S.A. § 7554, provides that a defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond" unless the court "determines that such a release will not reasonably ensure the appearance of the person as required." 13 V.S.A. § 7554(a)(1). The statute's starting presumption, then, is pretrial release on personal recognizance or an unsecured appearance bond, unless those conditions will not assure the defendant's appearance. See State v. Duff, 151 Vt. 433, 435, 563 A.2d 258, 260 (1989).

¶ 11. When determining whether the defendant presents a risk of nonappearance, the court "shall consider, in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged." 13 V.S.A. § 7554(a)(1). The court must also consider, on the basis of available information, the nature and circumstances of the offense charged, the weight of the evidence, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of

---

against defendant, he is entitled to bail. Cf. State v. Theriault, 2014 VT 119, ¶ 2, 198 Vt. 625, 109 A.3d 448 (mem.) (explaining that before defendant may be held without bail under § 7553, "[t]he State must present [substantial, admissible] evidence [of guilt], and the court must make a specific finding, as to each element of the charged crime").

[5] See McDonald v. City of Chicago, 561 U.S. 742, 764 n.12 (2010) (listing the excessive bail clause among those that apply to the states through the Due Process Clause); Schilb v. Kuebel, 404 U.S. 357, 365 (1971) ("Bail, of course, is basic to our system of law, and the Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment.") (citations omitted).

convictions, and record of appearance or nonappearance at court proceedings or of flight to avoid prosecution. 13 V.S.A. § 7554(b).

¶ 12. If the court determines that a defendant does present a risk of nonappearance, it may impose "the least restrictive" conditions or combination of conditions that will assure the person's appearance. 13 V.S.A. § 7554(a)(1). These conditions may include placing the defendant in the custody of a designated person or organization agreeing to supervise him or her;[6] restricting his or her travel, association, or place of abode during the period of release; requiring the defendant to participate in a drug or alcohol treatment program; requiring the defendant to execute a secured appearance bond, or requiring the execution of a surety bond or the deposit of cash in lieu. Id. § 7554(a)(1)(A)-(E).

¶ 13. The court may also impose certain conditions of release to protect the public, but "the sole constitutionally legitimate purpose of monetary conditions of release is to provide 'additional assurance of the presence of an accused.' " State v. Cardinal, 147 Vt. 461, 464, 520 A.2d 984, 986 (1986) (quoting Stack v. Boyle, 342 U.S. 1, 5 (1951)). Therefore, bail may be used only to assure the defendant's appearance in court and cannot be used as "a means of punishing the defendant, nor of protecting the public." State v. Pray, 133 Vt. 537, 541-42, 346 A.2d 227, 229 (1975); see also State v. Wood, 157 Vt. 286, 289, 597 A.2d 312, 313 (1991) ("The imposition of $5,000 bail in this case . . . would only protect the victim and the integrity of the judicial process if it could not be met. This may have been what the trial judge had in mind. Yet, the imposition of bail in an amount that cannot be raised by an accused, in order to obtain his incarceration, is precisely what the law forbids.").

---

[6] This condition may apply only in cases in which a defendant has been charged with certain crimes. See 13 V.S.A. § 7554(a)(1)(A) (condition applicable only to offenses that are not nonviolent as defined in 28 V.S.A. § 301).

¶ 14.    Although both the U.S. and Vermont Constitutions prohibit excessive bail, neither this Court nor the U.S. Supreme Court has ever held that bail is excessive solely because the defendant cannot raise the necessary funds.    See Duff, 151 Vt. at 436, 563 A.2d at 261 ("[D]efendant need not be capable of meeting bail in order for the amount to be supported by the record.").    As the Eight Circuit explained:

> [The test of excessive bail is] whether bail is set at a figure higher than an amount reasonably calculated to insure that the accused will stand trial and submit to sentence if convicted.  The mere financial inability of the defendant to post an amount otherwise meeting the aforesaid standard does not automatically indicate excessiveness. The purpose for bail cannot in all instances be served by only accommodating the defendant's pocketbook and his desire to be free pending possible conviction.

White v. United States, 330 F.2d 811, 814 (8th Cir. 1964) (quotation omitted); see also Lee v. Evans, No. 92-15658, 1994 WL 651959, at *2 (9th Cir. Nov. 18, 1994) ("A bail setting is not excessive within the meaning of the Eighth Amendment merely because the defendant cannot pay it."); United States v. McConnell, 842 F.2d 105, 107 (5th Cir. 1988) ("[A] bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); United States ex rel. Fitzgerald v. Jordan, 747 F.2d 1120, 1134 (7th Cir. 1984) ("The present financial inability of the petitioner to meet his bail is certainly a consideration and a concern which must be taken into account when determining the appropriate amount of bail, but it is neither the only nor controlling factor to be considered by the trial court judge in setting bail."); United States v. Radford, 361 F.2d 777, 780-81 (4th Cir. 1966) (adopting White holding).

¶ 15.    The touchstone for identifying excessive bail under the Eighth Amendment is not what a defendant can pay but, rather, whether bail is set at "a figure higher than an amount reasonably calculated to fulfill" the purpose of "giving adequate assurance that [the defendant] will stand trial and submit to sentence if found guilty."  Stack v. Boyle, 342 U.S. 1, 4 (1951). Although in many cases the amount of bail required to assure a defendant's appearance will not

be prohibitive for the defendant, the Constitution does not require that a defendant have the ability to pay the required bail if it is otherwise reasonable.[7]

¶ 16. Likewise, 13 V.S.A. § 7554 does not require a finding that a defendant has the ability to pay a particular amount to support a trial court's bail order. When interpreting a statute, "[o]ur goal is to implement the Legislature's intent." State v. Stell, 2007 VT 106, ¶ 12, 182 Vt. 368, 937 A.2d 649. "We assume the Legislature intended the plain and ordinary meaning of the language it used." Id. Section 7554(b) lists "financial resources" as one factor among many for the trial court to consider when imposing conditions of release. 13 V.S.A. § 7554(b). Although "financial resources" may not be identical to "ability to pay," the two concepts are related; a defendant's financial resources may affect the defendant's ability to post bail at a particular level and is among the factors a court should consider in setting bail. But nothing in the statute suggests that financial resources was intended to be the controlling factor rather than one of several factors that guide the trial court's evaluation of the least restrictive means of ensuring a defendant's appearance. If the Legislature had intended to require a court to find that a defendant has the ability to pay the bail set by the court, the Legislature would have said so. As a consequence, § 7554 allows a court to set bail at a level that a particular defendant may not be able to meet if the court concludes that bail at that level is the least restrictive way to assure that defendant's appearance.[8]

---

[7] We acknowledge that the State cannot incarcerate people simply because they cannot pay a fine or judgment. See, e.g., Turner v. Rogers, 564 U.S. 431, 447 (2011) (holding that court violated defendant's due process rights by, among other things, incarcerating him for civil contempt without any finding that he had the ability to pay child support arrearage); Tate v. Short, 401 U.S. 395, 397-98 (1971) (holding that petitioner who was held on municipal prison farm because he was unable to pay fines on convictions for traffic offenses violated equal protection rights). These cases involved incarceration as punishment for failure to pay sums due and did not purport to address the use of money bail to secure a defendant's appearance in court.

[8] Defendant points to a number of recent developments in other states to support the proposition that a court should not require cash or a money bond if that results in pretrial detention of the defendant. The authorities defendant cites all involve judicial rulemaking or legislation.

9

¶ 17.    Although Vermont's bail statute and the applicable constitutional protections do not require that a defendant have an ability to post bail at the level set by the trial court, courts should be particularly circumspect in exercising their discretion to set bail at a level that a defendant cannot meet.  This Court has recognized that "[p]retrial detention necessarily cuts against the presumption of innocence inherent in our criminal jurisprudence."  Duff, 151 Vt. at 440, 563 A.2d at 263; see also State v. Hance, 2006 VT 97, ¶ 17, 180 Vt. 357, 910 A.2d 874 (2006) ("We have recognized that pretrial detention undermines the presumption of innocence by depriving a defendant of a fundamental value, the right to liberty, without an adjudication of guilt.") (quotation omitted).  The U.S. Supreme Court has likewise acknowledged that excessive bail undermines the presumption of innocence.  See United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."); Stack, 342 U.S. at 4 ("This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction.  Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.") (citations omitted).

¶ 18.    Given this sensitivity, this Court has vacated high cash bail requirements in cases where the record contained little evidence of risk of flight beyond the seriousness of the charge against a defendant.  See, e.g., Duff, 151 Vt. at 436, 563 A.2d at 260-61 (reversing and remanding bail condition of $150,000 where there was a "total lack of any evidentiary support for bail amount"); Cardinal, 147 Vt. at 465-66, 520 A.2d at 986 (holding that bail condition of $250,000

---

We resolve this appeal on the basis of Vermont's existing bail statute, cognizant of the constitutional parameters.  We express no opinion on the policy question whether a system in which monetary bail is a condition courts can use to secure a defendant's appearance is a good one, or whether the bail statute ought to require that bail be set at a level the defendant can pay.  These are questions first and foremost for the Legislature.

was not supported by evidence where defendant, charged with sexual assault, was a lifelong resident of Vermont with wife, four children, and job working for same employer for seventeen years). The court does not, however, have to make a finding that the defendant can meet bail in order for the amount to be supported by the record, and it may impose a bail requirement even when the defendant is indigent, as long as the bail decision is supported by findings that show the defendant presents a risk of nonappearance and that the conditions are the least restrictive means of assuring the defendant's appearance.

¶ 19. Likewise, we have ruled unconstitutional a statute authorizing cash-only bail, observing that the statute would "increase government power to engage in pretrial confinement, a result which cannot be reconciled with the history of the 'sufficient sureties' clause or our own cases discussing bail, in which we have recognized the threat to individual liberty inherent in pretrial detention." Hance, 2006 VT 97, ¶ 17.

¶ 20. With these considerations in mind, we conclude that the trial court here acted within its discretion in setting bail in this case. Our consideration is heavily informed by the applicable standard of review: on appeal, this Court should affirm an order setting conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(b). We review the trial court's bail decision for abuse of discretion. Hance, 2006 VT 97, ¶ 6.

¶ 21. Considering the record below and the trial court's findings, we conclude that the trial court acted within its discretion in setting bail. The court considered the applicable § 7554 factors and determined that defendant's lack of family ties, stable residence, and job, as well as the number and seriousness of defendant's charged crimes showed that he presented a risk of flight. The court pointed to defendant's recent flurry of extensive alleged criminal activity, much of which occurred while he was out on bail after the arraignment on the first set of charges, as a sign of defendant's state. The court acknowledged that defendant was indigent and did not have any financial resources. The court imposed conditions, but apparently concluded that the conditions

11

alone would be insufficient to secure defendant's appearance. It ultimately determined that, in addition to the specified conditions, a secured appearance bond in the amount of $25,000, with ten percent down, was the minimum amount needed to secure defendant's appearance. The court explained its bail amount in the face of defendant's indigency on this basis.[9] There is no indication on the record that the court imposed bail for any reason other than to assure his appearance, and there is therefore no sign that bail was used for improper purposes. Cf. Wood, 157 Vt. at 289, 597 A.2d at 313 ("[T]he imposition of bail in an amount that cannot be raised by an accused, in order to obtain his incarceration, is precisely what the law forbids.").

    Affirmed.

FOR THE COURT:

_____

Associate Justice

---

[9] The trial court required a secured appearance bond with ten percent of the amount of the bond payable to the court as opposed to cash or a surety bond with sufficient solvent sureties. Defendant did not request this relief. Compare State v. Sullivan, No. 2015-149, 2015 WL 2384077, at *5 (Vt. May 1, 2015) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo15-149.bail.pdf (concluding that trial court exceeded its discretion by requiring cash bail or surety bond without adequate explanation where defendant requested a secured appearance bond rather than surety bond in same amount). Defendant does not appeal this aspect of the court's order, and we do not address it here.