## ENTRY ORDER

SUPREME COURT DOCKET NO. 2017-072

MARCH TERM, 2017

|  |  |  |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
|  | } |  |
|  | } |  |
|  | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
|  | } |  |
|  | } | DOCKET NO. 74-1-17 Cncr |
| James Parker, Jr. | } |  |
|  |  | Trial Judge: Nancy J. Waples |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's February 14, 2017, order modifying his conditions of release. The modified order reduced the amount of defendant's bail from $25,000 to $7500, to be posted as cash or a surety bond. Defendant does not challenge the amount of his bail, but instead argues that the record below does not support the type of bail and that the trial court should have imposed either a secured or unsecured appearance bond. We affirm as to the amount of defendant's bail but reverse and remand for further consideration as to the type of bail.

Defendant was arrested on January 5, 2017, and arraigned that day for one felony count of aggravated assault with a weapon. He entered a plea of not guilty. At the arraignment hearing, the State did not seek to hold defendant without bail under 13 V.S.A. 7553a, proceeding under 13 V.S.A. § 7554. The State argued for bail in the amount of $25,000 and a number of conditions of release that are not at issue in this appeal. The State's argument was based on the allegations in the case and its reading of defendant's criminal record. First, the State alleged that defendant attacked his companion with a knife when he discovered that the companion told a drug dealer that defendant intended to rob the drug dealer. According to the State, the companion sustained injuries when she grabbed the blade of the knife to prevent defendant from stabbing her. Second, the State argued that defendant had "a long history of violent crimes," mostly from Florida, and that his Florida record included "a number" of failures to appear that made him a flight risk.

The court considered defendant's "recent connections" to Vermont, his "significant" criminal record from Florida, the allegation that he used violence in the commission of a crime, and his long-term connections to Florida. Based on those considerations, it imposed $25,000 bail to be posted in cash or as a surety bond. Defendant moved to review bail and the court held a hearing on January 30, 2017, a second hearing on February 6, 2017, and a third hearing on February 14, 2017. At each of those hearings, defendant argued that the bail amount and type were not the least restrictive conditions of release because defendant could not afford bail and because the State had not established that defendant was a flight risk. At the February 14 hearing, the court found that any failures to appear on defendant's Florida record were too remote in time

to justify the $25,000 bail amount but concluded that some bail was necessary to ensure defendant's presence in court, based largely on the seriousness of the allegations against him. The court reduced defendant's bail to $7500, still to be posted in cash or as a surety bond. The court did not make any findings about the type of bail it imposed. Because defendant cannot afford to pay $7500 in cash or surety bond, he remains in custody.

On appeal, defendant renews the arguments that he raised at the trial court: (1) that he does not pose a flight risk and that $7500 cash or surety bond was not the least restrictive condition; and (2) that the record does not support the type of bail—cash or surety bond—that the court imposed.[*]

"Vermont's approach to pretrial release is grounded in the Vermont and U.S. Constitutions, and is detailed in Vermont's statutes." State v. Pratt, 2017 VT 9, ¶ 10, __ Vt. __. The statute applicable to this appeal provides that a defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond" unless the court "determines that such a release will not reasonably ensure the appearance of the person as required." 13 V.S.A. § 7554(a)(1). Under the statute, then, there is a rebuttable presumption that a defendant is entitled to pretrial release on personal recognizance or an unsecured appearance bond. Pratt, 2017 VT 9, ¶ 10.

When determining whether a defendant poses a flight risk, the court "shall consider, in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged," as well as the nature and circumstances of the offense charged, the weight of the evidence, and the defendant's family ties , length of residence in the community, employment, financial resources, character and mental condition, and record of nonappearances at court proceedings. 13 V.S.A. §§ 7554(a)(1), (b). If the court finds that a defendant's personal recognizance or an unsecured appearance bond is insufficient to assure appearance at court hearings, the court may impose "the least restrictive combination" of various enumerated conditions designed to "reasonably assure the defendant's appearance." Id. § 7554(a)(1). Those conditions include, among others, placing the defendant in the custody of a designated individual if the defendant is charged with certain crimes, placing restrictions on the defendant's travel, association or place of abode, imposing a curfew, requiring the "execution of a secured appearance bond" plus requiring the defendant to post not more than ten percent of the bond amount, and requiring the defendant to execute a surety bond with sufficient solvent sureties. Id. Significantly, "the statute sets forth a list of increasingly more restrictive conditions with the requirement that

---

[*] There are three types of bond contemplated in the statutory bail scheme: a surety bond, a secured appearance bond, and an unsecured appearance bond. A surety bond is an appearance bond in which "a surety guarantees the appearance in court of a person charged with a criminal offense, and pledges to pay the court a specified amount if the person fails to appear." 13 V.S.A. § 7576(8); see also State v. Hance, 2006 VT 97, ¶ 9, 180 Vt. 357 (noting that third-party surety may include "a family member, friend, or commercial bail bondsman"). A secured appearance bond is an appearance bond in which a defendant pledges to pay the court a specified amount in the event the defendant does not appear and "a portion of the bond is paid to the [c]ourt prior to release." 13 V.S.A. § 7576(6). An unsecured appearance bond is simply a written agreement between a defendant and the court in which the defendant is released pretrial "if the person pledges to pay the [c]ourt a specified amount in the event the person fails to appear." 13 V.S.A. § 7576(1).

the court go only so far down the list as necessary to ensure appearance." State v. Duff, 151 Vt. 433, 435 (1989).

On appeal, we must affirm a trial court order imposing bail or conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(c). This standard applies to both the amount of bail imposed and the type of bail imposed. Hance, 2006 VT 97, ¶ 6. When the record below does not support either the amount of bail imposed or the type of bail imposed, we reverse and remand for further fact-finding. See Duff, 151 Vt. at 434.

The trial court in this case made sufficient findings on the record to support the amount of bail it imposed. Specifically, the court found that defendant posed a flight risk based on his "recent connections" to Vermont, his "significant" criminal record from Florida, the allegation that he used violence in the commission of a crime, and his long-term connections to Florida. See 13 V.S.A. § 7554(a)(1), (b). We therefore affirm as to the amount of bail imposed.

We cannot say the same for the type of bail. Defendant requested a less restrictive condition than cash or a surety bond multiple times over the course of his bail hearings. The court made no findings, however, that explicitly supported the imposition of cash or a surety bond rather than a secured or an unsecured appearance bond. Where, as was the case here, it is unclear whether the court responded to the defendant's request for a different type of bail, we decline to infer that the judge necessarily considered and ruled out a secured or unsecured bail. Because the bail statute "sets forth a list of increasingly more restrictive conditions," Duff, 151 Vt. at 435, and because the unsecured and secured appearance bond conditions precede the surety bond condition in the statute, 13 V.S.A. § 7554(a)(1), the court should have made some minimal findings that would support the imposition of a surety bond rather than the other, less restrictive options contemplated in the statute. We emphasize that "[t]he bail statutes themselves assume that a defendant will be released on personal recognizance or an unsecured appearance bond unless a finding is made that such measures will be insufficient." Hance, 2006 VT 97, ¶ 17. Once the court in this case determined that defendant posed a flight risk, that presumption no longer applied, but the court never explained why a surety bond—rather than an unsecured or secured appearance bond—was necessary to ensure defendant's presence. Because the record below contains insufficient information to support the type of bail the court selected, we reverse and remand for further fact-finding on this issue. Cf. Duff, 151 Vt. at 435.

Affirmed as to the amount of bail. Reversed and remanded as to the type of bail.

FOR THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

3