**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-039



# ENTRY ORDER

FEBRUARY TERM,   2023

State of Vermont v. Cory Racicot*

}   APPEALED FROM:
}   Superior Court, Bennington Unit,
}   Criminal Division
}   CASE NO. 22-CR-11925
    Trial Judge: Kerry McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the criminal division's January 2023 decision on the record to set cash bail or surety for $600.  He argues that the criminal division abused its discretion in setting monetary bail because: (1) there is insufficient factual support for the court's conclusion that he poses a risk of flight; (2) even if there were risk of flight, the court did not make sufficient factual findings supporting the amount or type of bail or how it would assure defendant's appearance; and (3) the court did not consider defendant's financial means.  I agree as to all three and remand for further proceedings consistent with this order.

Relevant to this docket, defendant is charged with three misdemeanor violations of conditions of release for allegedly violating a twenty-four-hour curfew condition imposed in a previous docket.  Defendant was arraigned in December 2022, at which time the criminal division imposed cash bail or surety in the amount of $2000.  Upon defendant's motion for review, the criminal division lowered bail to $200 per charge—for a total of $600—pursuant to 13 V.S.A. § 7551(b)(2).  Section 7551(b)(2) places a $200 per-charge maximum on bail set to mitigate the risk of flight from prosecution for defendants charged with certain types of misdemeanors.

In lowering the bail according to the statutory limit, the criminal division noted that defendant does not pose a risk of flight due to his community ties to Bennington and the lack of failures to appear or escapes in his criminal record.  Instead, the court expressed concern over defendant's non-compliance with the court's orders and potential additional criminal activity.  The court stated on the record, "the true risk of flight is will [a defendant] flee the jurisdiction from prosecution and not show up for court appearances.  That's not the issue with [defendant] here.  The issue is about having new cases, new charges, engaging in further criminal activity."

Defendant appeals pursuant to 13 V.S.A. § 7556(b), which provides for review of imposed or amended conditions of release by a single Justice of the Supreme Court.  The

criminal division's order "shall be affirmed if it is supported by the proceedings below." 13 V.S.A. § 7556(b). This Court will "reverse only if the court has abused its discretion." State v. Bailey, 2017 VT 18, ¶ 9, 204 Vt. 294.

Section 7554(a)(1) of Title 13 allows for the imposition of cash bail only to "mitigate the risk of flight from prosecution." To determine whether a defendant presents a risk of flight from prosecution, the criminal division "shall consider, in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged." Id. Once the court has determined that a defendant does present a risk of flight from prosecution, the criminal division "shall . . . impose the least restrictive . . . conditions that will reasonably mitigate the risk of flight of the defendant." Id. The criminal division may only require a surety bond or cash bail "[u]pon consideration of the defendant's financial means." 13 V.S.A. § 7554(a)(1)(E). Further, the criminal division must, while determining which conditions of release to impose, consider a host of factors listed in 13 V.S.A. § 7554(b)(1), such as the defendant's "financial resources, including the accused's ability to post bail" and "the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."

There appears to be present in this matter a muddied interpretation of "risk of flight from prosecution." Vermont's bail statute defines "flight from prosecution" as "any action or behavior undertaken by a person charged with a criminal offense to avoid court proceedings." 13 V.S.A. § 7576(9). As defense counsel noted in the January 2023 bail-review hearing and again at the hearing before this Court, defendant has consistently appeared before the court when required and has never failed to appear for a court hearing. Defense counsel acknowledged that defendant presents a risk to violate his conditions of release and to relapse and use substances but argued that defendant "is not a risk of flight from prosecution." I agree. There is nothing in the record to indicate that defendant will flee from prosecution or otherwise avoid future court proceedings.

The bail review court noted that the arraignment court set the underlying curfew "to limit and to ensure that [defendant is] not engaging in further criminal activity," acknowledging that "there wasn't this per se traditional risk of flight of failing to appear to court appearances, but nevertheless engaging in continued activity." In lowering the amount from $2000 to $600 but nonetheless maintaining the imposition of bail, the review court stated that the violations of conditions of release "may seem like minor offenses, . . . but it's the significance relating back to why the court imposed the curfew condition in the first place." The criminal division therefore acknowledged on the record that defendant does not fit the bill for "traditional" risk of flight from prosecution. However, traditional risk of flight from prosecution as defined in 13 V.S.A. § 7576(9) is the sole type of risk that the criminal division has statutory authority to consider when imposing cash bail; risk of recidivism is not interchangeable with risk of flight.

The State argues that the aggregate charges against defendant, combined with his repeated alleged violations of conditions of release, make him a risk of flight. It is true that the criminal division may rely on "the seriousness of the offense charged and the number of offenses with which the person is charged" to find that a defendant is a flight risk. 13 V.S.A. § 7554(a)(1); see State v. Pratt, 2017 VT 9, ¶ 6, 204 Vt. 282. However, here the criminal division explicitly stated that defendant does not meet the traditional definition of risk of flight from prosecution. The State's substantive arguments to the contrary are therefore irrelevant to my assessment of whether the criminal division made sufficient factual findings below to support

its decision to impose bail. I therefore reverse and remand for the criminal division to reconsider its decision in light of this opinion.

Although the risk-of-flight issue is sufficient to warrant reversal, I address several other issues with the decision below because they may arise again. Assuming without deciding that defendant posed a risk of flight from prosecution, the criminal division did not make specific factual findings pursuant to 13 V.S.A. § 7554(a) or (b) to demonstrate that it considered how monetary bail, or the amount of the specific statutory limit of $200 per charge, would ensure defendant's appearance. Under § 7554(a)(1), the criminal division must, upon a showing that a defendant poses a risk of flight from prosecution, "impose the least restrictive of the following conditions or the least restrictive combination of the following conditions that will reasonably mitigate the risk of flight of the defendant." And yet it did not include on the record any analysis that the monetary bail or the specific amount of $200 per charge would be the least restrictive condition to mitigate such risk.

The criminal division is also required, "[i]n determining which conditions of release to impose," to consider a list of factors under § 7554(b)(1). The record shows that the court considered a few of these factors, including defendant's community ties and lack of failures to appear or escapes in his record, but does not indicate that the court considered the rest. The court was required to provide a "reasonable basis" for its decision after considering the factors pursuant to the statutory language, which states that "the judicial officer, on the basis of available information, <u>shall</u> take into account" the enumerated factors. 13 V.S.A. § 7554(b)(1) (emphasis added); see <u>New England Phoenix Co., Inc. v. Grand Isle Veterinary Hosp.</u>, 2022 VT 10, ¶ 20 (" 'Shall' is a word of command, and it is inconsistent with a concept of discretion." (quotation omitted)).

Specifically, the criminal division was required under § 7554(b)(1) and § 7554(a)(1)(D)-(E) to consider defendant's financial means before imposing bail. Although the State is correct that "§ 7554 allows a court to set bail at a level that a particular defendant may not be able to meet if the court concludes that bail at that level is the least restrictive way to assure that defendant's appearance," the court must still consider defendant's financial resources when doing so. <u>State v. Pratt</u>, 2017 VT 9, ¶ 16; see <u>State v. Scanlon</u>, 2022 WL 18014643, *5 (Vt. Dec. 30, 2022) (unpub. mem.) [https://perma.cc/7KVU-VHBH] (affirming denial of responsible adult but remanding imposition of bail because criminal division did not address risk of flight or consider defendant's financial resources). On remand, if the criminal division determines that defendant does pose a risk of flight from prosecution under the statutory definition, it must sufficiently analyze the § 7554(b)(1) factors.

<u>Reversed and remanded for further proceedings consistent with this order</u>.

FOR THE COURT:

_____
William D. Cohen, Associate Justice

3