VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-241



### ENTRY ORDER

AUGUST TERM,   2023

State of Vermont v. Christopher Labrie*   }   APPEALED FROM:
                                          }   Superior Court, Chittenden Unit,
                                          }   Criminal Division
                                          }   CASE NOS. 23-CR-03088; 23-CR-03782;
                                              23-CR-04274; 23-CR-04326
                                              Trial Judge: Gregory A. Rainville

In the above-entitled cause, the Clerk will enter:

Defendant Christopher Labrie appeals from the superior court's order across multiple dockets imposing, among other conditions, cash bail or surety in the amount of $5000 as well as a condition of release that he be custodially supervised by a responsible adult.  Because the imposition of cash bail or surety and the condition requiring a responsible adult are not supported by the record below, the trial court's order is reversed and the conditions are struck from defendant's conditions of release.

The State charged defendant with several offenses spanning four dockets: (1) a count of burglary stemming from defendant's alleged entering and theft of tools from a Burlington business after hours in March of 2023; (2) alleged retail thefts from Burlington area big-box stores in April and May 2023; and (3) five other offenses, including burglary and lewd and lascivious conduct, evolving out of events alleged to have taken place on May 2 and 3, 2023.  The affidavit of probable cause alleged defendant and a female acquaintance, L.M., entered a Burlington building through unlocked doors on the evening of May 2, where they lingered around a vacant staircase and engaged in sexual intercourse.  Defendant allegedly photographed L.M.'s nude body with his cell phone during the encounter, where surveillance video shows L.M. drifting in and out of consciousness.  When questioned about the incident later, L.M. stated the intercourse was consensual, but that she did not consent to defendant photographing her.

Defendant and L.M. then left the building, with defendant returning later that night while staff were attempting to secure the building for closing.  Defendant attempted to reenter the building, claiming he had left some belongings, and became increasingly agitated when staff refused his request.  Defendant again left but returned in the wee hours of the morning on May 3, forcing entry into the building by shattering a glass door.  Once inside, defendant allegedly forced his way into two separate businesses, taking some cash from a lock box and a mountain bike.  Defendant was arraigned in early May, and the trial court imposed the reasonable adult condition as well as the $5000 bail requirement, neither of which defendant could then satisfy.

Defendant asked the trial court to modify his conditions of release in July so that he could attend an inpatient sober program for two weeks. The trial court granted the motion, ordering defendant to attend the residential treatment program until its completion, and further ordering him to return to the court "on the first business day after completion of treatment." Defendant dutifully complied, and, upon his return to the court, requested his conditions once again be modified so that he could reside with his father while awaiting a bed in a sober-living house. At the hearing, defendant's father testified via telephone that he would be leaving on vacation the following week. The court expressed concern over defendant's father as the proposed responsible adult, citing the father's failure to appear physically before the court, but made no findings regarding his suitability for that condition, stating only that it "did not see this working for the time being." Counsel for defendant questioned the need for a responsible adult at all, arguing that the imposition of a curfew at defendant's father's residence would be the least-restrictive condition necessary. The trial court then continued the previous conditions, including the $5000 bail, responsible adult requirement, and twenty-four-hour curfew.

The trial court's decision regarding bail and conditions of release are reviewed for an abuse of discretion. State v. Hance, 2006 VT 97, ¶ 6, 180 Vt. 357. "We must affirm an order imposing bail 'if it is supported by the proceedings below.' " State v. Rougeau, 2019 VT 18, ¶ 14, 209 Vt. 535 (quoting 13 V.S.A. § 7556(b)).

Vermont bail statutes create a presumption in favor of pretrial release, with courts required to impose the least-restrictive conditions of release, unless the defendant is determined to be a flight risk. State v. Pratt, 2017 VT 9, ¶ 10, 204 Vt. 282; see 13 V.S.A. § 7554(a)(1) (requiring pretrial release unless court determines defendant is flight risk). In determining whether a defendant presents a risk of flight, the trial court must evaluate, "in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged." 13 V.S.A. § 7554(a)(1). If the court determines a defendant is a flight risk, it must then go on to craft the least-restrictive conditions of release. Id. In doing so, the court is obligated to consider the following factors:

> the nature and circumstances of the offense charged; the weight of the evidence against the accused; the accused's employment; financial resources, including the accused's ability to post bail; the accused's character and mental condition; the accused's length of residence in the community; and the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

13 V.S.A. § 7554(b)(1). In addition to the conditions available to the court to address risk of flight under 13 V.S.A. § 7554(a)(1), the court may also impose conditions pursuant to 13 V.S.A. § 7554(a)(2) to ensure the protection of the public. However, a requirement for monetary bail may only be imposed to address risk of flight and cannot be imposed solely for the protection of the public. Rougeau, 2019 VT 18, ¶ 8. Further, while an inability to post bail will not automatically render its imposition an abuse of discretion, trial courts must consider a defendant's "financial means" before requiring cash bail. 13 V.S.A. § 7554(a)(1)(D); see Rougeau, 2019 VT 18, ¶ 13.

The trial court was required to consider defendant's financial means pursuant to 13 V.S.A. § 7554(a)(1)(D) before imposing bail, and failed to do so here. Rougeau, 2019 VT 18, ¶ 13. The State concedes that the imposition of the $5000 bail is not supported by the record

2

below.  Therefore, the condition imposing a monetary bail requirement on defendant is reversed and struck from defendant's conditions because it is not supported by the record below.  But this oversight is not the only error to be found in the trial court's analysis.

Even in making the initial determination of whether defendant presented a flight risk in the first place, the trial court failed to look beyond defendant's criminal history report, opining on the record about the seriousness of the charges, as well as the five nonappearances listed, relying only on that report.  The trial court did not, however, indicate how these charges or the nonappearances in his criminal history report make defendant a flight risk.  See State v. Duff, 151 Vt. 433, 436 (1989) (finding abuse of discretion where bail was imposed on seriousness of charges alone).  Further, the record does not contain any inquiry into defendant's employment, financial resources, character, mental condition, or length of residence in the community, as required by 13 V.S.A. § 7554(b)(1).  While the trial court is not required to provide a formulaic recitation of every § 7554(b) factor, see State v. Auclair, 2020 VT 26, ¶ 21, 211 Vt. 651 (mem.), the discussion here is so sparse as to constitute an abuse of discretion.  See State v. Whidbee, No. 2022-315, 2022 WL 17366475, at *2 (Vt. Dec. 2, 2022) (mem.) [https://perma.cc/9U6Q-VH6F].

A condition requiring defendant to be supervised by a responsible adult can be imposed by the trial court where defendant is found to be a flight risk pursuant to 13 V.S.A. § 7554(a)(1)(A), or where it is found to be the least-restrictive means of protecting the public pursuant to 13 V.S.A. § 7554(a)(2)(A).  Here, the record supports this condition under neither provision.  In addition to the trial court's failure to evaluate whether defendant is a flight risk, as described above, it also failed to explain how the responsible-adult condition would reduce defendant's risk of flight.  Merely finding that defendant poses a flight risk and imposing a condition without regard to whether it is the least-restrictive condition that will ensure defendant's appearance is insufficient.  See Pratt, 2017 VT 9, ¶ 16.  Additionally, the State urges that the responsible-adult condition is appropriate to protect the public given defendant's criminal history, but the court made no findings which indicate defendant to be a danger to the public.  Finally, the court made no findings regarding how the responsible-adult condition would be the least-restrictive condition to ensure the public's protection.

Because neither the $5000 bail nor the responsible-adult condition is supported by the record, they are struck from defendant's conditions of release, and he is to be released on the remaining conditions, which defendant did not challenge, forthwith.

The $5000 bail and responsible-adult conditions are struck and defendant is to be released with the remaining conditions in place forthwith.

FOR THE COURT:

_____
Nancy J. Waples, Associate Justice

3