*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.*

VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-301

## ENTRY ORDER

OCTOBER TERM,   2023

State of Vermont v. Trever Hoag*      }      APPEALED FROM:
                                      }      Superior Court, Chittenden Unit,
                                      }      Criminal Division
                                      }      CASE NO. 23-CR-08530; 23-CR-06942; 23-
                                             CR-07485; 23-CR-07486; 23-CR-08532
                                             Trial Judge: Gregory A. Rainville

In the above-entitled cause, the Clerk will enter:

Defendant Trever Hoag appeals the imposition of $2500 bail and a condition of release prohibiting contact with his life partner following arraignment on six counts of misdemeanor retail theft.  The trial court's order is reversed and remanded.*

On September 20, the trial court arraigned defendant in five dockets, comprising six counts of misdemeanor retail theft.   See 13 V.S.A. §§ 2575(1), 2577 (providing that misdemeanor retail theft is theft of merchandise having value of not more than $900). Defendant, through counsel, waived Vermont Rule of Criminal Procedure 5 rights, pleaded not guilty to each charge, and did not contest the State's proposed conditions of release.  The proposed conditions were that defendant appear for court proceedings, keep the court and attorney apprised of address changes, and prohibit defendant from going to the retail locations where he allegedly committed theft.  However, the trial court expressed concern about defendant's "pattern of conduct," which included "three or four escapes on his criminal record," several violations of probation, and previous failures to appear in three of the five dockets. Accordingly, it imposed bail at $2500 concurrent in each of the five dockets, payable in cash or surety bond.

Defendant objected that $2500 bail exceeded the statutory maximum for misdemeanor retail theft.  13 V.S.A. § 7551(b)(2) (allowing maximum $200 on each charge of misdemeanor

---

* Counsel for defendant was scheduled to appear at the bail hearing in the Supreme Court on October 3, 2023, but did not.  The hearing proceeded without defendant's counsel.  Counsel's absence does not affect the outcome of this decision.

offense eligible for expungement upon a finding that defendant poses a risk of flight from prosecution); id. § 7601(4)(A) (providing that retail theft is offense eligible for expungement). The court responded that the statutory maximum did not apply "when [defendant] failed to appear." Defendant represented that he had previously failed to appear because he had been at the hospital on multiple occasions. He also represented that he was involved with the methadone clinic in town and was trying to get a bed at Valley Vista to help with his addiction. The court noted that, in 2023, defendant was the subject of twelve new cases. The cases involved retail theft, careless and negligent driving, DUI, and unlawful trespass. The court remarked that four of the five dockets involved thefts of YETI coolers allegedly committed with defendant's life partner, Samantha Tonnessen. At that point, the court imposed a condition prohibiting contact with Ms. Tonnessen. The court opined that Ms. Tonnessen "has her own long list of cases before the court," and that together, defendant and Ms. Tonnessen have demonstrated "a consistent pattern of behavior with the same co-conspirator, [and] a consistent pattern of failing to show up for court." The court found that the patterns of behavior and failures to appear were "not going to change anytime soon." Defendant reiterated that he had previously failed to appear because he was at the hospital and that he could provide paperwork proving it. The court responded, "for today you're going to jail unless you make the bail. If you provide documentation of every time you've missed court that you were somehow in the hospital or getting medical care, I will take a look at that, and pay attention to it." The hearing concluded shortly thereafter and this appeal followed.

Defendant argues that the court abused its discretion in imposing cash bail and the condition prohibiting contact with Ms. Tonnessen. He contends that the court failed to make the requisite findings under 13 V.S.A. § 7554 that defendant posed a risk of flight from prosecution and did not consider the statutory factors for determining the least restrictive combination of conditions that would reasonably mitigate the risk of flight. He asserts that the condition of release prohibiting contact with Ms. Tonnessen is not supported by the record and that the court failed to make the requisite findings required by statute to impose the least restrictive combination of conditions to protect the public. He finally argues that the court did not first find that defendant posed a risk of flight under § 7554(a) as required by 13 V.S.A. § 7551(b)(2), $2500 exceeds the maximum bail amount of $200 per offense under § 7551(b)(2), and the court failed to make findings regarding defendant's financial resources and ability to post bail as required under 13 V.S.A. § 7554(a)(1)(E).

"We review the trial court's bail decision for abuse of discretion." State v. Pratt, 2017 VT 9, ¶ 20, 204 Vt. 282. We must affirm an order imposing conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(b).

A defendant eligible for pretrial release on bailable offenses "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer unless the judicial officer determines that such a release will not reasonably mitigate the risk of flight from prosecution." 13 V.S.A. § 7554(a)(1). The statute creates a presumption of "pretrial release on personal recognizance or an unsecured appearance bond, unless those conditions will not assure the defendant's appearance." Pratt, 2017 VT 9, ¶ 10.

2

In determining whether a defendant presents a risk of flight from prosecution, the court "shall consider, in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged." Id. ¶ 11 (quoting 13 V.S.A. § 7554(a)(1)). If it determines that the defendant poses a risk of flight from prosecution, the court must also consider, on the basis of available information, the nature and circumstances of the charged offense, the weight of the evidence, the accused's family ties, financial resources, employment, length of residence in the community, and the accused's record of appearances at court proceedings or flight to avoid prosecution. 13 V.S.A. § 7554(b)(1). The court may impose "the least restrictive" condition or combination of conditions that will mitigate the risk of flight. Id. § 7554(a)(1)(A)-(E) (providing list of conditions). While the trial court may impose cash bail or surety to ensure appearance at court proceedings, it must consider a defendant's financial means before doing so. State v. Rougeau, 2019 VT 18, ¶ 13, 209 Vt. 535. Defendants are not entitled to money bail they can afford, but courts may not use money bail to ensure a defendant's incarceration. Pratt, 2017 VT 9, ¶ 17.

If the court determines that conditions imposed to mitigate the risk of flight will not reasonably protect the public, it may impose, in addition, the "least restrictive or the least restrictive combination" of conditions to protect the public. 13 V.S.A. § 7554(a)(2)(A)-(E) (providing list of conditions). The list of considerations for deciding which additional conditions will reasonably protect the public are similar—but not identical—to the considerations for deciding which conditions to mitigate the risk of flight. Id. § 7554(b)(2).

The parties agree that the trial court's imposition of cash bail and the no-contact condition regarding Ms. Tonnessen are not supported by the record, and that the bail amount exceeds the statutory maximum. I address each point in turn.

The trial court did not adequately consider whether cash bail or surety bond would reasonably mitigate the risk of flight from prosecution. 13 V.S.A. § 7554(a)(1). While the court noted defendant's history of escapes, probation violations, and failures to appear, it did not consider the other statutory factors in § 7554(b)(1), including defendant's financial resources. Rougeau, 2019 VT 18, ¶ 13 (holding that courts must consider "on the basis of available information" "the nature and circumstances of the offense charged; the weight of the evidence against the accused; the accused's employment; financial resources, including the accused's ability to post bail; the accused's character and mental condition; the accused's length of residence in the community; and the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings" (quoting 13 V.S.A. § 7554(b)(1)). Accordingly, the imposition of cash bail is not supported by the record. 13 V.S.A. § 7556(b).

The bail amount of $2500 exceeds the statutory maximum for six counts of retail theft. Section 7551 of Title 13 provides that "[i]n the event the court finds that imposing bail is necessary to mitigate the risk of flight from prosecution for a person charged with a violation of a misdemeanor offense that it eligible for expungement," the court may impose a maximum bail amount of $200 per offense. Misdemeanor retail theft is an offense eligible for expungement. 13 V.S.A. § 7601(4). Accordingly, even if the court had not abused its discretion in imposing cash bail, without considering the requisite factors, the maximum concurrent amount would have

been $1200, or $200 for each of the six charged offenses if ordered to be consecutive. To the extent the court considered defendant's history of failures to appear as an aggravating factor permitting it to exceed $200 per offense, the statute does not provide for that. It expressly provides that "the court may impose bail in a maximum amount of $200.00" per offense. Id. § 7551(b)(2); State v. Hale, 2021 VT 18, ¶ 9, 214 Vt. 296 (explaining that Court assumes plain language of statute demonstrates legislative intent and Court will implement statute's plain language if it is clear and unambiguous).

Finally, the court's imposition of a no-contact condition of release regarding Ms. Tonnessen is not supported by the record. The court made inadequate findings under § 7554(a)(2) that the no-contact condition was "the least restrictive" option or "least restrictive combination" of conditions to effectuate public protection. Furthermore, the court failed to consider, on the basis of available information, defendant's family ties, employment, character and mental condition, and length of residence in the community in determining whether to impose the no-contact provision specifically. See 13 V.S.A. § 7554(b)(2).

On remand the trial court shall schedule a bail hearing forthwith at which the parties may present additional evidence to aid the trial court in determining whether to release defendant. The court must weigh any relevant factors in 13 V.S.A. § 7554 to determine whether defendant presents a risk of flight from prosecution and, if applicable, whether additional conditions are necessary to protect the public. If the court determines that defendant poses a risk of flight from prosecution under § 7554(a)(1), it must then consider the relevant factors in § 7554(b)(1) to decide which, if any, are the least restrictive conditions to mitigate the risk of flight. If the court determines that additional conditions are necessary to protect the public under § 7554(a)(2), it must then consider the relevant factors in § 7554(b)(2) to decide which, if any, are the least restrictive to protect the public. In the event the court decides to impose cash bail, it must not exceed its authority under § 7551 in the amount imposed for each charged offense.

Reversed and remanded; mandate to issue forthwith.

FOR THE COURT:

Karen R. Carroll, Associate Justice