VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.          24-AP-090



## ENTRY ORDER

APRIL TERM,   2024

State of Vermont v. Peterson Benjamin*          }     APPEALED FROM:
                                                }     Superior Court, Franklin Unit,
                                                }     Criminal Division
                                                }     CASE NO. 24-CR-02829
                                                      Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Defendant Peterson Benjamin appeals the trial court's imposition of $5,000 bail or surety as a condition of release.  For the following reasons, we reverse the trial court's imposition of bail and remand for further factual findings consistent with this order.

Defendant was charged with aggravated assault with a deadly weapon and violation of conditions of release.  Defendant was arraigned on March 18, 2024, and the trial court imposed $130 in cash bail or surety.  Defendant moved to review bail on March 26, 2024, arguing that his stipend payee failed to provide him with his weekly stipend such that he could not afford the bail amount. The trial court held a bail-review hearing on March 28, 2024, and ultimately amended defendant's bail to $5,000 cash or surety.  The trial court found on the record that bail was necessary because defendant posed "a danger to these witnesses" and that it "didn't want to discount the direct threats to kill witnesses and police." In a subsequent written order, the court found that defendant did not have any previous failures to appear, but that the number and seriousness of the offenses charged weighed in favor of "some cash bail or surety" to "assure reappearance."  Defendant appealed the bail order to this Court.

In general, the criminal division has discretion in setting bail and conditions of release and this Court will affirm an order imposing bail "if it is supported by the proceedings below."  13 V.S.A. § 7556(b).  There is a presumption in favor of pretrial release, but the criminal division may impose conditions of release to "reasonably mitigate the risk of flight from prosecution," or "reasonably protect the public."  Id. § 7554(a)(1), (2).  The conditions must be the "least restrictive" necessary.  Id.  In assessing which conditions are appropriate to mitigate risk of flight, courts must consider "the seriousness of the offense charged and the number of offenses with which the [defendant] is charged." 13 V.S.A. § 7554(a)(1).  Courts also must "take into account" the following factors "on the basis of available information":

> the nature and circumstances of the offense charged; the weight of
> the evidence against the accused; the accused's employment; financial
> resources, including the accused's ability to post bail; the accused's
> character and mental condition; the accused's length of residence in
> the community; and the accused's record of appearance at court

proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id. § 7554(b)(1).

"[B]ail may be used only to assure the defendant's appearance and cannot be used as a means of punishing the defendant, nor of protecting the public." State v. Pratt, 2017 VT 9, ¶ 13, 204 Vt. 282. "The touchstone for identifying excessive bail under the Eighth Amendment is . . . whether bail is set at a figure higher than an amount reasonably calculated to fulfill the purpose of giving adequate assurance that [the defendant] will stand trial and submit to sentence if found guilty." Id. ¶ 15.

Here, the court found that defendant had a minimal prior record, modest financial resources, and no failures to appear. Nonetheless, the court found that defendant posed a risk of flight based on the violent nature of the charged conduct, the number of charges, and defendant's additional charges while on conditions of release. The court found that some cash bail or surety was thus appropriate.

Although the court's analysis of the factors supports its decision to impose bail, the amount of bail imposed is not justified by the facts as found, particularly given defendant's limited financial resources and past record of appearance. In State v. Duff, this Court explained that allowing imposition of high bail based solely on the serious nature of a crime would result in "the constitutional right to bail [being] a nullity for all defendants charged with serious crimes." State v. Duff, 151 Vt. 433, 436 (1989). Because the trial court does not articulate its reasoning for increasing the amount of bail required for defendant's release, from $130 to $5,000, the record necessarily cannot support that the figure was the least-restrictive condition available and "reasonably calculated to fulfill the purpose of giving adequate assurance that defendant" will appear. Pratt, 2017 VT 9, ¶ 15. Thus, the bail amount of $5,000 is struck with the original $130 bail amount being reimposed until the trial court issues an order pursuant to the remand.

The trial court's imposition of $5,000 bail is struck and the $130 bail reimposed. This case is remanded to set bail at an amount that is reasonably related to the facts as found and the least restrictive condition necessary to ensure defendant's appearance. Mandate to issue forthwith.

FOR THE COURT:

_____

Nancy J. Waples, Associate Justice